**Barbara Ann WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 57533.

Supreme Court of Missouri, Division No. 2.

March 12, 1973.

Robert E. Harris, Warrensburg, for appellant.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

STOCKARD, Commissioner.

This is an appeal from the judgment of the Circuit Court of Johnson County overruling a motion filed pursuant to Rule 27.26, V.A.M.R. to vacate a judgment of conviction of first degree robbery and a sentence of imprisonment for a term of twenty years entered upon a plea of guilty.

Appellant's only contention is that the trial court erred in finding "that she had sufficient free will to have made a reasoned choice whether or not to enter a plea of guilty." Her contention is that she had been a heavy user of opiates for several years prior to her arrest, and that following her arrest she participated in the methadone program and at the time she entered her plea of guilty she was experiencing physical and psychological pains and methadone withdrawal which caused her to be incapable of making a reasoned decision.

Following appellant's arrest and for over a year while she was free on bond she participated in the methadone program under the direction of a physician to cure her addiction to narcotics. For some time she was given 160 milligrams each day, which was continued after her bond was withdrawn and she was confined in jail. On March 14, 1971, pursuant to instructions of her treating physician, the amount of methadone was reduced 10 milligrams per day, and she was given no methadone after March 27. She appeared before the court on March 24, and entered her plea of guilty. At the time, the trial court knew that she had previously used drugs and was then receiving treatment. The investigation by the court to determine that the plea was voluntarily and understandingly entered was thorough and complete. Appellant's contention is not that she had received too much methadone or that she had received other drugs. On the contrary, she contends that the daily reduction of 10 milligrams resulted in her not having enough methadone. In support of this she points out that on April 7, a physician was called to the jail where she was confined to administer treatment. He testified that appellant was "nervous and tense," and that he prescribed Thorazine and Sparine, tranquilizers, and Darvon for relief from pain. He further stated that at that time she exhibited withdrawal symptoms, but that the drugs he gave her would not have affected her ability to reason.

After a presentence investigation appellant again appeared in court with counsel. She stated that she was not then under the influence of methadone because she had taken a "bunch of Darvon and Thorazine." At this time the court asked appellant if she still wanted to enter a plea of guilty to the offense charged, and she stated that she did.

Her doctor who had prescribed the methadone program testified at the hearing on the motion. His testimony is extremely vague and little can be determined from it. However, he read the transcript of what occurred at the time appellant entered her plea of guilty, and he stated that she gave what he considered to be proper

answers to questions, and there was nothing in the transcript to indicate any inability on her part.

Appellant's attorney, at the time the plea of guilty was entered, testified that he had several discussions with her concerning whether she should stand trial or enter a plea of guilty in Clay County where she was originally charged, and that "as a result of those discussions it was decided that a change of venue be applied for * * * and that a plea of guilty would be entered in the county to which this case would be sent." He further stated that the decision to enter a plea of guilty was made prior to the filing of the application for a change of venue. He knew that appellant was participating in the methadone program, and that while she was confined in Johnson County she had told him that "they had either withdrawn * * * or were cutting the dosage," but he did not know that she was on methadone when she entered her plea of guilty. Her counsel admitted that at the time appellant entered her plea of guilty she was nervous and emotionally upset, but he stated that he had seen other persons "in a much more agitated state than she was" when they appeared before the court to enter a plea.

In Tweedy v. United States, 435 F.2d 702 (8th Cir. 1970), it was contended that the court should not have accepted a plea of guilty because at the time the accused was a "chronic alcoholic." There, as here, the evidence did not indicate inability on the part of the accused to comprehend the proceedings and to make a reasoned judgment. It was stated: "Being a chronic alcoholic does not equate with being incompetent to plead guilty." This is equally applicable to receiving methadone.

The judge who heard the evidence at the hearing on the motion was the same judge who accepted appellant's plea of guilty on March 24. He had the opportunity to observe appellant's conduct at the time she entered her plea. He concluded and found that appellant's plea of guilty was voluntarily and understandingly made. That finding is supported by the evidence and is not clearly erroneous.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.