**Shannon MOORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 32504.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1981.

Patrick O'Brien, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Jefferson City and Carl S. Yendes, Asst. Atty. Gen., Kansas City, for respondent.

Before SOMERVILLE, C. J., Presiding, and CLARK and LOWENSTEIN, JJ.

LOWENSTEIN, Judge.

This is an appeal from an order and judgment of the Circuit Court of Jackson Coun-

ty denying movant-appellant's motion to vacate sentences filed pursuant to Rule 27.-26. There are three proceedings discussed here: the proceedings on April 18, 1979, the hearing on August 3, 1979, and the evidentiary hearing on the motion to vacate. The alleged error concerns whether or not appellant's plea of guilty at the August 3rd hearing was voluntary.

Pursuant to a plea bargain, appellant appeared before Judge Gene R. Martin on April 18, 1979, and entered pleas of guilty to two felony counts of receiving stolen property and to one misdemeanor of receiving stolen property. The negotiated plea bargain called for concurrent sentences of three years each on the two felonies and one year on the misdemeanor, also to run concurrently, for a total term of imprisonment of three years. At this proceeding, it was established that appellant understood the nature of the charges and the rights that he was waiving and the factual basis for the pleas was established. Appellant was asked whether he was under the effect of drugs, alcohol or mental problems and answered in the negative. Sentencing was deferred pending the receipt of a presentence investigation.

The parties returned to court on August 3, 1979, for a sentencing hearing. The court, after reviewing the presentence investigation, rejected the plea bargain agreement which called for three years of imprisonment. At this hearing, the judge inquired twice of the appellant whether he wished to plead guilty or have the case tried. Appellant first responded, "I want to go ahead and get it over with, Your Honor. I am tired of having it on my back, really." Upon the court's second inquiry, appellant responded, "I don't know any other way." The court then discussed the possibility of probation and called a recess to allow appellant to discuss the matter with his attorney. After the recess, in response to the court's third inquiry on the matter of his plea of guilty, the appellant answered, "I want to get it over with." The court then made the determination that appellant's plea was made voluntarily and intelligently and that it would accept appellant's plea of guilty.

The court sentenced appellant to two three-year terms of imprisonment on each of the two felony charges, the terms to run consecutively, and a one-year term of imprisonment on the misdemeanor count to run concurrently with the felony charges for a total of six years imprisonment. The court then suspended execution of the sentences and placed appellant on probation for five years. Within four months, appellant's probation was revoked and execution ordered on the six-year sentence.

Approximately six months after the revocation of probation, and after appellant began serving the sentence, he filed this motion to vacate under Rule 27.26. The motion alleged that at the time of the August 3rd sentencing hearing, appellant had been under the influence of drugs, thus rendering his decision not to withdraw the guilty plea involuntary and unintelligent.

Finally, an evidentiary hearing on the motion was held before Judge Martin on November 7, 1980, at which appellant testified that he had "six—eight ounces of codeine in my system, and marijuana" before and during the August 3rd hearing. The court's findings of fact were that appellant was not under the influence of any mind-altering drugs and that his decision not to withdraw his pleas of guilty was made freely and voluntarily.

The judgment of the trial court overruling the motion to vacate is affirmed.

Appellant's first point on appeal is that the trial court abused its discretion in the 27.26 hearing because he was under the influence of drugs at the time of the sentencing hearing and therefore his decision not to withdraw his guilty pleas was made without his understanding. Appellant's second point is that it was plain error for the trial court to accept his equivocal and ambiguous answers to the questions put to him relating to the withdrawal of his pleas of guilty.

Appellant's first assertion is essentially a claim of nonfeasance on the part of the trial court. Rule 24.02(d)(4) (then Rule 25.04),

entitled "Rejection of a Plea Agreement", provides that "[i]f the court rejects the plea agreement, the court shall . . . advise the defendant personally . . . that the court is not bound by the plea agreement, afford the defendant the opportunity to then withdraw his plea, and advise the defendant that if he persists in his guilty plea, the disposition of the case may be less favorable to the defendant than contemplated by the plea agreement." The trial court properly followed this rule. Appellant asserts, however, that the trial court was obligated to do more than this in his situation, and should have inquired at the August 3rd hearing as to whether he was under the influence of drugs before allowing him the opportunity to withdraw his pleas.

Appellant makes no claim that he was under the influence of drugs when he pleaded guilty at the April 18th hearing. Moreover, the end result of the August 3rd hearing, when he claims to have been under the influence of drugs, is that instead of having to serve three years in the penitentiary pursuant to the plea bargain, he received a six-year sentence, but would not have to serve any time at all if he complied with the terms of probation for five years. Appellant cites no authority for his contention that where a guilty plea has already been voluntarily entered and that the plea bargain has been rejected by the court, that the court must then inquire as to the defendant's mental state again at a subsequent hearing. Further, appellant does not distinguish the decision in *Branstuder v. State*, 609 S.W.2d 460, 462–463 (Mo.App. 1980), where this court held that a trial judge need not expressly ask the accused whether he is under the influence of drugs at the time he enters his guilty plea.

■ An examination of the record at the August 3rd hearing shows appellant's answers were coherent and displayed no impairment of thinking process. Appellant has yet to state how the mind-altering drugs affected him or affected his thinking, and although he makes much of his treatment for drug addiction, an addiction to narcotics or the ingestion of drugs does not

in and of itself make one incompetent to plead guilty. *Williams v. State*, 491 S.W.2d 315, 317 (Mo.1973); *Branstuder v. State, supra.* In fact, appellant's answers in all the hearings were that he understood the questions, understood what was transpiring, and had full consciousness of the import of the proceedings and the sentencing procedures that were to follow. *See Helms v. State*, 584 S.W.2d 607, 609 (Mo.App.1979).

■ The review of an appeal after denial of a 27.26 motion is limited to the determination of whether or not the findings, conclusions and judgment of the trial court are *clearly erroneous.* Those findings are erroneous only if on a review of the entire record the court is left with the definite and firm impression that a mistake has been made. Rule 27.26(j). A plea of guilty can only be withdrawn to correct a manifest injustice, and the burden is upon the appellant, by the preponderance of the evidence, to satisfy the court such a mistake has been made or injustice occurred. *Martin v. State*, 558 S.W.2d 701, 704 (Mo.App.1977). Appellant has not met that burden in this case. Appellant never mentioned the drug problem to the prosecutor, to the judge, to his attorneys, nor to anyone else at any time until after his probation had been violated and he was incarcerated. (*See Quinn v. State*, 515 S.W.2d 603, 607 (Mo.App.1974), for similar fact situation).

■ The trial court was not constrained to believe appellant's testimony as to drugs at the 27.26 hearing and the court's finding that he was not under the influence of narcotics at the time of his guilty pleas is not clearly erroneous. *See Quinn v. State, supra.*

■ Appellant's second point is that his answers to the questions concerning his understanding of the court's rejection of the plea agreement and his desire to plead were equivocal and should not have been accepted by the court. This point is raised for the first time in his brief. It was not in his motion filed in the circuit court and was not considered at the evidentiary hearing and is therefore not reviewable. *Maggard*

*v. State*, 471 S.W.2d 161, 162 (Mo.1971); *Vaughan v. State*, 579 S.W.2d 721, 723 (Mo. App.1979).[1]

Appellant's claim of plain error on this point is without citation and without merit. *See* Rule 27.26(j), *supra.*

The judgment of the trial court is affirmed.

1. A review of the entire record of this case shows that appellant understood what was going on and that his answers were responsive to the judge's repeated interrogation. It is clear that appellant wished to plead guilty at the August 3rd hearing and that he understood the consequences of the plea. The record shows the adherence by the court to the safeguards outlined in *Schellert v. State*, 569 S.W.2d 735, 739 (Mo. banc 1978). Again, the contention of appellant that he was prejudiced is for naught as he only had to serve prison time because of his probation violation.