**Victor GILLESPIE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 46323.

Missouri Court of Appeals,
Eastern District,
Division Three.

July 26, 1983.

Thomas S. Hyatt, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gary Randall, St. Louis, for respondent.

CRIST, Judge.

Appeal from trial court's denial of movant's Rule 27.26 motion after an evidentiary hearing. We affirm.

On June 6, 1980, movant pled guilty to two counts of first degree robbery, for which he was sentenced to ten years imprisonment. On October 28, 1981, he filed his Rule 27.26 motion claiming his mental condition and prescribed medication impaired his ability to knowingly and voluntarily plead guilty and waive his right to a jury trial. Movant also contended he received ineffective assistance of counsel because his attorney knew of his impaired mental condition and allowed him to plead guilty.

Our review of a Rule 27.26 motion is limited to a determination of whether or not the findings, conclusions and judgment of the trial court are clearly erroneous. *Moore v. State*, 624 S.W.2d 520, 522 (Mo. App.1981). Movant asserts the trial court erred in denying his motion because the sentencing court did not develop an adequate basis for determining his ability to plead guilty while under the influence of the prescribed drug Dilantin. We disagree.

Addiction to narcotics or ingestion of drugs does not in and of itself render one incompetent to plead guilty. *Moore v. State*, 624 S.W.2d at 522. At the original plea hearing, movant's attorney advised the court movant was taking the drug Dilantin to control his epilepsy. A psychiatric evaluation showing movant was not suffering from any mental defect or disease which would affect his ability to plead was in evidence. Movant responded lucidly to the sentencing court's questioning regarding the details of the robbery and the voluntariness of his plea. Further, at the 27.26 evidentiary hearing, movant's former attorney and the jail chaplain testified he was aware of his situation and the gravity of his plea at the plea hearing.

Review of the entire record, including the plea hearing and the 27.26 hearing, reveals the judgment of the trial court is based on findings of fact which are not clearly erroneous. No error of law appears.

Judgment affirmed.

CRANDALL, P.J., and REINHARD, J., concur.