Nancy ROW, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 13532.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 30, 1984.

Motion for Rehearing or Transfer Denied
Nov. 19, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Donald L. Catlett, Asst. Public Defender, Rolla, for movant-appellant.

John Ashcroft, Atty. Gen., Deborah Neff, Asst. Atty. Gen., Jefferson City, for respondent.

HOGAN, Presiding Judge.

In this postconviction proceeding under Rule 27.26, movant Nancy Row (defendant) sought to withdraw her plea of guilty to a

charge of second-degree murder as defined and denounced by § 559.020, RSMo 1969. Defendant's punishment was assessed at imprisonment for a term of 30 years, and she was committed. The trial court heard evidence, denied relief, and the defendant has appealed.

■ Several assignments of error have been briefed and submitted in this court. They are not artfully drawn. We are obliged to review the assignments of error as it is given to us to understand them, bearing in mind that after sentence has been pronounced, a plea of guilty will be set aside only to correct a manifest injustice. *Winford v. State,* 485 S.W.2d 43, 49 (Mo. banc 1972); *Moore v. State,* 624 S.W.2d 520, 523[2] (Mo.App.1981); *Martin v. State,* 558 S.W.2d 701, 703[1] (Mo.App. 1977). The findings of the trial court may not be set aside unless review of the whole record generates a firm belief that they are wrong. Rule 27.26(j); *Moore v. State,* 624 S.W.2d at 522[2]. Moreover, the defendant's position is weakened by the fact that the sentence was imposed pursuant to a plea bargain, and defendant avers no breach thereof. See *McIntosh v. State,* 627 S.W.2d 652, 655[5] (Mo.App.1981).

Such factual background as has been laid before this court indicates that the defendant and a coperpetrator or conspirator shot and killed the defendant's paramour. By plea bargain agreement this charge was reduced to second-degree murder. The existence of a plea bargain was disclosed to the trial court. Our inspection of the record indicates that the trial court substantially followed the requirements of Mo. R.Crim.P. 24.02 before it accepted the defendant's guilty plea.

■ The first point briefed is that defendant should have been allowed to withdraw her plea because she was suffering from a "mental disease" or defect that affected her ability to cope with stress, and she was not informed—by counsel, we take it—of possible lesser included offenses or possible defenses.

The record of the hearing on the postconviction motion indicates that both the State and defense counsel obtained psychological evaluations of the defendant before the plea of guilty was accepted on March 13, 1980. Neither of the two clinical psychologists who examined the defendant found her to be suffering from any genuine psychotic disorder; the more pessimistic of the two evaluations included the observation that defendant was "clearly in touch with reality and has a sufficient grasp of memory and protective responses to assist in the development of strategies for her own legal defense."

Trial counsel for defendant testified directly and unequivocally that he discussed possible defenses and lesser included offenses with defendant before the plea bargain was struck. The trial court rejected defendant's contention that her "mental disease" prevented her knowingly and voluntarily pleading guilty; it also rejected her contention that she was not advised concerning lesser included offenses and possible defenses. There is no record basis for a finding that the trial court's conclusions on these points were clearly erroneous within the meaning of Rule 27.26(j).

■ A further point is that the trial court did not determine that there was a factual basis for the plea of guilty as required by Mo.R.Crim.P. 24.02(e). This point is ill taken. An express admission of guilt is not constitutionally required. *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Our Rule 24.02(e) is a rescript of Fed.R. Crim.P. 11(f), prior to the amendment of Fed.R.Crim.P. 11 in 1983. Under the federal rule, inquiry into the factual basis for a plea of guilty by any appropriate means is considered sufficient. 1 Wright, Federal Practice and Procedure, Criminal 2d § 174, p. 620 (1982). We see no reason why a different requirement should be applied to Rule 24.02(e). Here, the trial court went over the elements of the offense charged, and then asked the defendant:

" '... Do you understand what it is you are accused of doing?

A. Yes, sir.

Q. Do you have any question whatsoever about the language that I have just expressed to you which comes from the charge against you?

A. No, sir.

\* \* \* \* \* \*

Q. You [sic] having tendered your plea of guilty, *then do you admit that you intentionally committed the act that you are charged with and which I have asked you about?*

A. Yes, sir.' " (Our emphasis.)

The information clearly charged the defendant with all the elements of second-degree murder; the nature of the charge was carefully explained to the defendant. She thereupon admitted her guilt. A factual basis for the guilty plea was clearly established. *Wabasha v. Solem,* 694 F.2d 155, 157–58 (8th Cir.1982).

The other assignment of error purports to be an assignment that defendant was denied the effective assistance of counsel. In reality, the point is simply a reargument of part of the first point briefed. Having reviewed the whole record, we entertain no firm belief that the trial court's findings were wrong, much less any opinion that a manifest injustice has been wrought. The judgment is accordingly affirmed.

PREWITT, C.J., and MAUS and CROW, JJ., concur.