**Eugene A. HILL, Movant–Appellant,**

v.

**STATE of Missouri,**
**Respondent–Respondent.**

**No. 55575.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 20, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 1, 1989.

Cathy R. Kelly, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion following an evidentiary hearing. Following plea negotiations with the state, movant pled guilty to stealing and was sentenced as a persistent offender to eight years' imprisonment. We affirm.

On appeal, movant contends the motion court erred in finding that he entered the plea of guilty knowingly and voluntarily when 1) he pled guilty because he believed counsel was unprepared for trial, 2) counsel advised him to plead guilty "when she either knew or should have known there was insufficient evidence to support a convic-

tion"; and 3) there was no factual basis for the plea.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State*, 741 S.W.2d 683, 688 (Mo. App.1987).

The plea transcript and the evidence at the motion hearing fully support the motion court's finding that movant's plea was knowingly and voluntarily given. His complaint as to the insufficiency of a factual basis for his plea is also without merit. *See Row v. State*, 680 S.W.2d 418 (Mo.App. 1984).

The judgment of the motion court is not clearly erroneous and an extended opinion would have no precedential value. Rule 84.16(b).

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.