**STATE of Missouri, Respondent,**

v.

**Tommy DUNMORE, Appellant.**

**Tommy DUNMORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**Nos. WD 42426, WD 43910.**

Missouri Court of Appeals,
Western District.

Dec. 17, 1991.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 28, 1992.

Application to Transfer Denied
Feb. 25, 1992.

510

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Denise L. Garnier, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and FENNER and BRECKENRIDGE, JJ.

FENNER, Judge.

Appellant Tommy Dunmore, appeals his convictions of assault in the first degree pursuant to § 565.050, RSMo 1986, and armed criminal action pursuant to § 571.015, RSMo 1986. Appellant also appeals the denial of his post-conviction motion under Rule 29.15.

The evidence was that appellant and the victim herein, Robert Newsome, had a business relationship that had not gone well. Appellant felt that Newsome had not treated him fairly in their business relationship and appellant hired Bruce Charles to kill Newsome.

On June 8, 1988, Bruce Charles shot Newsome four times. After shooting Newsome, Bruce Charles drove to the Citadel Apartments, as previously arranged, to meet appellant. While at the apartments, they agreed to meet again later in the day. Later that day, the two men met at the Landing Shopping Center. By the time appellant met Charles at the Landing, appellant had learned that Newsome did not die from the shooting. Appellant paid Bruce Charles one thousand dollars, which was one half of their agreed contract price, and told Bruce Charles to finish the job.

On September 23, 1988, Bruce Charles was arrested on a parole violation. Once in custody, Charles confessed that he shot Newsome and advised the police that appellant had hired him to do so.

■ In his first point on appeal, appellant argues that the trial court denied his right to due process and his right to trial by jury by ordering him to not smile at, or have eye contact with, the jury.

The record reflects that appellant's behavior in smiling at and staring at the jury during the course of the trial was disruptive and improper. The trial court was extremely patient with appellant in warning him of the impropriety of his behavior and admonishing him outside the hearing of the jury. Nonetheless, appellant's behavior persisted until the court advised appellant that he would be removed from the courtroom if he did not stop attempting to communicate with the jury by means of improper eye contact.

Since no objection to the court's admonition was made at trial, any review is limited to the standard of plain error which exists only when the court finds that a manifest injustice or a miscarriage of justice has occurred. *State v. McMillin*, 783 S.W.2d 82, 95 (Mo. banc), cert. denied — U.S. ——, 111 S.Ct. 225, 112 L.Ed.2d 179 (1990). (citation omitted).

■ The trial court is vested with a large amount of discretion in the conduct of a trial carried on before it. *State v. Pinkston*, 333 S.W.2d 63, 66 (Mo.1960). It is the duty of the trial court to maintain order and decorum, and to exercise a general control over the trial. *Id.*

By ordering appellant not to make improper eye contact with the jury, the trial court was exercising its duty to maintain control over the proceeding and there was no error, plain or otherwise.

Appellant's first point is denied.

In his second point, appellant argues that the Rule 29.15 motion court erred by finding that his trial counsel was not ineffective. Appellant argues that trial counsel was ineffective as follows: 1) by failing to call appellant's girlfriend, Jewel Robbins, as an alibi witness; 2) by failing to show that either Bruce Charles had a mental problem or that Bruce Charles testified falsely in a previous proceeding that he had a mental problem; 3) by failing to call potential witnesses to impeach Bruce Charles; 4) by failing to present evidence that the victim, Robert Newsome, was not able to identify Bruce Charles as the man who shot him; 5) by failing to present evidence of attempts on appellant's life by Newsome's brothers; 6) because trial counsel denied him his right to testify; and 7) because trial counsel had a conflict of interest.

Appellate review of a motion court's findings and conclusions is limited to a determination as to whether the findings and conclusions are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc), *cert. denied*, sub nom. *Walker v. Missouri*, 493 U.S. 866, 110 S.Ct. 186, 107 L.Ed.2d 141 (1989). The findings and conclusions by a motion court are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Id.* at 695–696. The motion court is not required to believe the testimony of a movant and an appellate court must defer to the motion court's determination of credibility. *Starr v. State*, 788 S.W.2d 549, 552 (Mo.App.1990).

Furthermore, to prove a claim of ineffective assistance of counsel, appellant must show (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987); *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If an appellant fails to prove either of these prongs, his claim of ineffectiveness fails. *Strickland, Id.* Additionally, in order to prove that he was prejudiced by his counsel's deficient performance, he must show that but for his counsel's errors, a reasonable probability exists that a different outcome would have resulted. *Sanders v. State*, 738 S.W.2d at 861.

In his first allegation of ineffectiveness, appellant complains that trial counsel neglected to call his girlfriend, Jewel Robbins, as an alibi witness.

The selection of witnesses and the introduction of evidence are matters of trial strategy and the mere choice of trial strategy is not a foundation for finding ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d at 858.

Jewel Robbins testified at the motion hearing that on June 8, 1988, she was in the hospital having given birth to appellant's son. Appellant represents that if Jewel Robbins had been called at trial, she would have testified that on June 8, 1988, appellant was at the hospital with her. Appellant argues that this would have shown that he could not have met with Bruce Charles on that date as Charles testified. However, Robbins testified at the motion hearing that she did not specifically remember June 8, 1988. Robbins testified that appellant was at the hospital when they received word that Newsome had been shot, but that she didn't remember what time he left.

Appellant's trial counsel testified at the motion hearing that he talked to Robbins prior to trial and that she "didn't particularly want to testify." Trial counsel further testified that as a matter of trial strategy he was concerned that having Robbins testify might be harmful if it appeared that appellant was attempting to create an "airtight alibi."

Counsel's decision not to call Robbins as a witness was within counsel's professional judgment. It was trial strategy and not ineffective assistance.

In his second allegation of ineffectiveness, appellant argues that counsel was ineffective by failing to show that either Bruce Charles had a mental problem or that Bruce Charles testified falsely in a previous proceeding that he had a mental problem.

The evidence at the motion hearing did not show that Bruce Charles had a mental problem. The evidence did show that Bruce Charles had falsely alleged, in a previously filed Rule 27.26 motion of his own, that he suffered from a mental problem. However, Bruce Charles was an admitted contract killer and the fact that he made a false statement in an effort to have a criminal conviction against him overturned does not present a reasonable probability that the jury would not have found appellant guilty had it known that Charles previously made this false statement. To grant appellant relief on this ground would further require a finding that trial counsel had some obligation to discover this evidence which has likewise not been shown.

In his third allegation of ineffectiveness, appellant argues that counsel was ineffective by failing to call potential witnesses to impeach Bruce Charles. In this regard, appellant complains that trial counsel should have called Calvin Jones and Robert Hamilton because they would have testified that Bruce Charles admitted to them that he fabricated his story about being hired by appellant to kill Newsome.

The record does not reflect that trial counsel had any way of knowing of Robert Hamilton as a potential witness. Counsel was made aware of Calvin Jones prior to trial. However, trial counsel testified at the motion hearing that he interviewed Jones and determined that he would not be helpful. Counsel testified that the witnesses provided by appellant were either uncooperative, told the same rehearsed story or had such a criminal record that they would not make good witnesses.

Counsel had no knowledge of Robert Hamilton and his decision not to call Calvin Jones was a matter of trial strategy.

In his fourth allegation of ineffectiveness, appellant complains that trial counsel failed to introduce evidence to show that Newsome was not able to identify Bruce Charles as the man who shot him.

Newsome testified at trial that the shooting happened so fast that he was not able to recall much about the man who shot him except that he was a black man. The fact that Newsome was not able to identify the man who shot him was before the jury. Appellant does not show how counsel was ineffective or how appellant was prejudiced by trial counsel not specifically asking Newsome if he could identify Bruce Charles as the man who shot him.

In his fifth allegation of ineffectiveness, appellant complains that trial counsel failed to present evidence of attempts on appellant's life by Newsome's brothers subsequent to the time that Newsome was shot.

Appellant overlooks the fact that the attempts on his life after the shooting of Newsome could tend to reinforce the charge against him for directing the assault on Newsome. This was a matter within the trial strategy of counsel and was not ineffective assistance of counsel.

In his sixth allegation of ineffectiveness, appellant complains that trial counsel denied him the right to testify.

The record does not support appellant's contention. Trial counsel testified at the motion hearing that the decision of whether or not to testify was that of appellant.

In his seventh allegation of ineffectiveness, appellant complains that trial counsel had a conflict of interest.

The record reveals that at a point in time when trial counsel had previously been serving as a public defender, he filed a brief in a criminal appeal on behalf of Bruce Charles. Counsel explained that during that period he had over 100 appeals pending at any one time and that the brief in question may have been authored by someone else. Counsel also testified that he did not even meet Bruce Charles until sometime after the appeal and that he explained this to appellant. Appellant's claim of a conflict of interest does not show ineffective assistance of counsel.

Appellant's second point is denied.

In his third point, appellant argues that the trial court was without jurisdiction because the information under which he was charged and tried failed to allege that he "knowingly" attempted to kill or cause serious physical injury to the victim. This argument relates to Count I of the charge against appellant for assault in the first degree under § 565.050, RSMo 1986, which provides, in pertinent part, as follows:

1. A person commits the crime of assault in the first degree if he attempts to kill or knowingly causes or attempts to cause serious physical injury to another person.

Appellant was charged by way of information which charged, in pertinent part, under Count I as follows:

The Prosecuting Attorney of the County of Jackson, State of Missouri, charges that the defendant, TOMMY DUN-

MORE, in violation of Section 565.050, RSMo, committed the class A felony of Assault in the First Degree, punishable upon conviction under Section 558.011.-1(1), RSMo, in that on or about June 8, 1988, in the County of Jackson, State of Missouri, the defendant attempted to kill or cause serious physical injury to Robert L. Newsome by shooting him and in the course thereof inflicted serious physical injury to Robert L. Newsome.

MACH–CR 19.02 is the Missouri Approved Charge for assault in the first degree. MACH–CR 19.02 provides as follows:

MACH–CR 19.02 [1987 Revision]

## ASSAULT IN THE FIRST DEGREE

The (Grand Jurors) (Circuit Attorney) (Prosecuting Attorney) of the (City) (County) of _____, State of Missouri, charge(s) that the defendant, in violation of Section 565.050, RSMo, committed the class (B)(A) felony of assault in the first degree, punishable upon conviction under [*Insert Section 558.011.1(1), if charged as a class A felony; insert Section 558.011.1(2), if charged as a class B felony.*], RSMo, in that (on) (on or about) [*date*], in the (City) (County) of _____, State of Missouri, the defendant [*Insert one of the following. Omit brackets and number.*]

[*1*] knowingly caused serious physical injury to [*name of victim*] by [*Insert means by which injury was caused, such as shooting, stabbing, etc.*] (.)

[*2*] attempted to kill or cause serious physical injury to [*name of victim*] by [*Insert means by which attempt was made such as shooting, stabbing, etc.*] (, and in the course thereof inflicted serious physical injury on [*name of victim*]).

An indictment or information is deemed sufficient if it contains the matters set out under Rule 23.01(b). Furthermore, Rule 23.01(e) provides that "[a]ll indictments or informations which are substantially consistent with the forms of indictments or informations which have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)."

The information as charged against appellant accurately tracked MACH–CR 19.-02[2], the Missouri Approved Charge for assault in the first degree.

 Furthermore, an information is sufficient if it alleges the act constituting the crime in the language of the statute under which the charge is brought. *State v. Berrey*, 803 S.W.2d 37, 40 (Mo.App.1990). The information in the case at bar accurately alleged the act in the language of § 565.-050, RSMo 1986.

Appellant's allegation that the information was defective is denied and the judgment of the trial court is affirmed.

All concur.