**Walter BETTS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 48137.**

Missouri Court of Appeals, Western District.

May 24, 1994.

As Modified May 24, 1994.

 

Robert E. Steele, Jr., Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

SMART, Judge.

Walter Betts appeals from the trial court's judgment denying a motion to vacate, set aside or correct the judgment and sentence entered against him for convictions of rape, in violation of § 566.030, RSMo1986, and sodomy, in violation of § 566.060, RSMo1986. Betts was sentenced to consecutive terms of fifteen years imprisonment on each conviction.

Judgment affirmed.

On October 5, 1992, Walter Betts pleaded guilty to one count of rape and one count of sodomy. The State agreed to dismiss two additional counts of sodomy charged against defendant in exchange for his guilty plea. At defendant's guilty plea hearing, defendant admitted that he had sodomized and raped his eight year old daughter. Defendant filed postconviction relief motions pursuant to Rule 24.035. In his motions, defendant claimed (1) that counsel failed to present a witness; (2) that he was induced to plead guilty by a detective, and (3) that his plea was involuntary because he was suffering from the side effects of several medications. The motion court denied defendant's motions after an evidentiary hearing. Defendant appeals from the motion court's ruling.

*Failure to Call Witness*

First, defendant urges that the motion court's findings of fact and conclusions of law are clearly erroneous because he was denied effective assistance of counsel, in violation of the sixth and fourteenth amendments to the United States Constitution and Article I, §§ 10 and 18(a) of the Missouri Constitution. Defendant claims that counsel committed prejudicial error when he failed to call Dr. DeVonne French as a witness at the sentencing hearing. Counsel's failure to call Dr. French resulted in the court sentencing defendant without a complete and fair understanding of defendant's social, medical, and psychological history, all of which , defendant argues, are mitigating factors warranting a reduced sentence. Defendant contends that he would not have entered his plea of guilty if he had known that counsel was not going to call Dr. French at his sentencing hearing.

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. The motion court's findings and conclusions are clearly erroneous only if, after reviewing the record, this court is left with the definite and firm belief that a mistake has been made. *Short v. State,* 771 S.W.2d 859, 863 (Mo.App.1989). Since defendant pleaded guilty to the rape and sodomy charges lodged against him, an inquiry into whether counsel rendered effective assistance is rele-

vant only to the extent that it impinges upon the voluntariness and knowledge with which the guilty pleas were made. *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992). In order to prevail on a claim of ineffective assistance of counsel, the movant must prove that counsel's representation of appellant fell below that of a reasonable, competent attorney under similar circumstances, and that the movant was prejudiced thereby. *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). To demonstrate "prejudice," the movant must show there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty, but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The movant must prove both the performance and the prejudice prongs in order to prevail. *Id.*

■ In response to defendant's allegation of error, the motion court stated the following:

Movant contends that counsel was ineffective in failing to introduce "mitigating evidence" at the sentencing hearing by way of live testimony from Dr. French, one of movant's examining psychiatrists. Dr. French's report was before the Court, and that extensive report included her opinion that movant did not understand or know the nature or wrongfulness of his acts. The Court also had before it the report of Dr. Wisner, whose opinion on that issue conflicted with that of Dr. French. At the post conviction hearing, Dr. French testified that she did not attend movant's sentencing hearing because of a scheduling conflict. She stated that although her report submitted to the trial court was accurate and thorough, she believed that her presence at the sentencing hearing could possibly have added some "human warmth" to the information contained in the report. However, Dr. French's presence at the sentencing hearing is irrelevant to this post-conviction proceeding. After a guilty plea, counsel's effectiveness is only relevant in a motion for post-conviction relief to the extent that it affects the voluntariness of movant's plea. Movant has failed to show in what way the physical presence of Dr. French at his sentencing hearing would have affected the voluntariness of his plea. This allegation should be, and it is hereby dismissed.

Plea counsel, Steve Sakoulas, testified that he had asked Dr. French to testify at defendant's sentencing hearing. Dr. French told Sakoulas that she would try to attend. Dr. French was unable to testify at the sentencing hearing due to a scheduling conflict. Sakoulas testified that after the scheduling conflict arose, he was afraid to subpoena Dr. French for fear that her testimony would not be as favorable if she were forced to appear. At the hearing, Dr. French testified that if she would have been called to testify, she could have given more detailed information than was contained in her report. She also stated, however, that she "could have appeared to be a bleeding heart, and, therefore, not a credible witness." She concluded that she could not predict whether her testimony would have been helpful to defendant.

It cannot be said that plea counsel's actions were unreasonable. Counsel provided a cogent reason for deciding not to subpoena the doctor to testify. The sentencing court had Dr. French's report in front of it at the time of sentencing. Although Dr. French felt that she might be able to add some extra detail to her report, she also admitted she might not appear credible before the court. One advantage of the report over a live witness is that effective cross-examination can destroy the credibility of a witness whose report might otherwise have an air of plausibility. It remains speculative whether defendant would have been better off with the actual appearance of Dr. French. In any event, the motion court's analysis was correct in that defendant failed to establish how Dr. French's physical absence from the sentencing hearing affected the voluntariness of his plea. Defendant alleges for the first time before this court that he would not have pleaded guilty if he had known that Dr. French was not going to testify at the hearing. The allegation is a bare assertion, unaccompanied by any probative or logically supportive facts. We are unaware of any compelling reason to believe that the absence of Dr. French at sentencing would be so signifi-

cant as to affect the decision to plead guilty. Accordingly, the findings and conclusions of the motion court are not clearly erroneous. Point I is denied.

### Confession Coerced by Detective

■ Next, defendant asserts that the motion court's findings of fact and conclusions of law are clearly erroneous because defendant's plea of guilty was involuntary and entered in violation of due process of law as guaranteed by the fifth and fourteenth amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution. Defendant claims that the plea was the direct result of a coerced confession and continual coercive efforts exerted by Detective Rast. The coercion, defendant suggests, had a binding effect and tainted the guilty plea proceedings in that, as a result of his history and psychological condition, defendant was uniquely susceptible to coercion by authoritative male figures and the detective exploited this condition by maintaining coercive contacts with defendant prior to the proceeding and by actually attending the proceeding.

■ At the sentencing hearing, defendant repeatedly testified that no one had threatened him in any way to plead guilty to the sodomy and rape charges. At the post-conviction hearing, defendant stated that he pleaded guilty only because Detective Rast had threatened to kill him if he told the truth of his innocence. Once again, defendant strains credulity by presenting nothing more than bare allegations of the detective's coercion. This court defers to the motion court's determinations of credibility. *State v. Dunmore*, 822 S.W.2d 509, 512 (Mo.App.1991). The motion court is free to disbelieve testimony even when no contrary evidence is presented. *Moore v. State*, 853 S.W.2d 378, 380 (Mo.App.1993). Deferring to the motion court's credibility assessment, we conclude that the findings and conclusions of the motion court are not clearly erroneous and the motion court did not err in denying defendant's Rule 24.035 motion. Point II is denied.

### Medication

■ Finally, defendant contends that the motion court's findings of fact and conclusions of law are clearly erroneous because defendant did not voluntarily enter his plea of guilty as required by due process of law under the fifth and fourteenth amendments to the United States Constitution and Article I, § 10 of the Missouri Constitution in that at the time of the guilty plea proceedings, defendant was suffering from the side effects of taking several medications in combination, which detrimentally affected defendant's ability to make rational judgments.

■ Drug ingestion does not, in and of itself, render a guilty plea involuntary. *Gillespie v. State*, 655 S.W.2d 830, 831 (Mo.App. 1983). This is true even when dealing with recent ingestion of drugs or drug addiction. *Smith v. State*, 674 S.W.2d 634, 636 (Mo.App. 1984). The key inquiry is whether the drug ingestion affected the defendant in such a way as to render his guilty plea involuntary. *Id.* at 636–37.

The trial court specifically asked defendant if he was on any medication at the sentencing hearing. Defendant stated that he was taking a drug known as Lotensin for his blood pressure and that he had been taking blood pressure medication since 1975. He stated that he had taken forty milligrams approximately three and one half hours before the hearing. When asked if there was anything about the medication which affected his ability to understand what was happening, defendant responded, "It makes it easier for me to understand without getting emotional." He also stated that the drug did not affect his ability to concentrate, but, in fact, he stated, "[I]t makes me more rational." Defendant testified that the only side effects he had experienced while taking Lotensin was, "I sometimes will get really fidgety and I get high strung up. I just feel like I'm rushed." The trial court stated to defendant, "Okay. Now I will tell you, my observation of you this morning here is that you appear to be calm and that you appear to understand what's going on. Do you disagree with that observation?" Defendant responded, "I don't disagree with you, ma'am."

Defendant also informed the court that he used an inhaler containing Proventil for an asthma condition. He stated that he had not used his inhaler on the day of the hearing. The last time defendant recalled using the inhaler was the evening before the hearing. Defendant stated that he was not feeling any side affects from using his inhaler the night before. For the first time on appeal, defendant alleges that he was also taking Motrin at the time of the hearing. Defendant never informed the motion court that he was taking Motrin during the hearing. Nor did defendant mention Motrin in his Rule 24.035 motion. At the end of the hearing, the trial court made the following observations:

> And I will make, for the record, some observations. And if either counsel or, Mr. Betts, you yourself want to modify these comments or correct them in any way, if you think I'm in error at all in what I'm going to say, then I invite you to make those comments at this time.

> It is now approximately ten minutes to 11:00. We started this matter, I think, about a quarter after 11:00. I'm sorry, a quarter after 10:00. So we've been in the courtroom for approximately 35 minutes. During that time, during that entire time, with the exception of a couple minutes at the beginning, Mr. Betts has been on the witness stand. It is my observation of Mr. Betts at this time that he appears to understand what is going on, his answers appear to be spontaneous in response to the questions that have been asked. He does not appear to be under any physical disability of any kind and does not appear to be uncomfortable physically in any way.

The trial court then asked Mr. Betts and counsel for each side if they agreed with its comments. All parties involved responded affirmatively. The trial court went on to ask if defendant was experiencing a headache or any physical discomfort at all, to which defendant responded, "Just nervousness." Later at the postconviction hearing, defendant stated that he did not realize the effects of the drugs until he stopped taking them in prison. He also stated that he did not mention taking the Motrin because he had not taken any on the day of the hearing. The motion court found that defendant failed to present any credible evidence.

The motion court's findings and conclusions are not clearly erroneous. Defendant responded lucidly to the sentencing court's questioning regarding the medication he was taking, as well as the details of the offenses charged. Furthermore, defendant showed no signs of abnormal behavior during the proceeding. The motion court was free to believe or disbelieve any portion of defendant's testimony. *State v. Dunmore,* 822 S.W.2d 509, 512 (Mo.App.1991). Once again, we defer to the trial court's determination of credibility and conclude that the motion court did not err in denying defendant's Rule 24.035 motion. Point III is denied.

All concur.