Craig Lee PORTER, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. 20561.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 12, 1996.

David L. Simpson, Asst. Public Defender, Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Breck K. Burgess, Assistant Attorney General, Jefferson City, for respondent.

GARRISON, Judge.

Craig Lee Porter pled guilty to three counts of second degree burglary and received three consecutive five-year sentences. Pursuant to Rule 24.035,[1] he filed a motion for post-conviction relief, claiming that he received ineffective assistance of counsel. The motion court held an evidentiary hearing and denied Porter's motion. He appeals. We affirm.

■ We limit our review of the findings and conclusions of the motion court to a determination of whether they are clearly erroneous. Rule 24.035(k); *Betts v. State*, 876 S.W.2d 802, 803 (Mo.App. W.D.1994). Only if our review of the record leaves us with the firm belief that a mistake has been made will we disturb those findings and conclusions. *Id.* We defer to the motion court's opportunity to judge the credibility of witnesses, and note that it may disbelieve even uncontradicted testimony. *Buckle v. State*, 885 S.W.2d 37, 38 (Mo.App. S.D.1994).

In his sole point on appeal, Porter claims that he received ineffective assistance of counsel when he entered his guilty pleas because plea counsel failed to request a mental examination for him. He argues that his guilty pleas were "involuntary and not intelligently made," and that his incompetence to enter those pleas would have been revealed if plea counsel had requested a mental examination.

■ To prevail in a post-conviction proceeding, the movant must prove his entitlement to relief by a preponderance of the evidence. Rule 24.035(i); *State v. Boone*, 869 S.W.2d 70, 78 (Mo.App. W.D.1993). A movant claiming ineffective assistance of counsel must prove two elements: first, that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would have exercised under similar circumstances; and second, that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). *See also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). In our review, we are not required to consider both elements; if the movant fails to prove one element, we need not consider the other. *Sanders*, 738 S.W.2d at 857. When the movant has pled guilty, we consider the actions of his counsel only to the extent that they impinge upon the voluntariness and knowledge with which the guilty pleas were made. *Betts v. State*, 876 S.W.2d at 803–804.

■ A person is not competent to proceed if, because of a mental disease or defect, he lacks the capacity to understand the proceedings against him or to assist in his own defense. *Hemme v. State*, 680 S.W.2d 734, 736 (Mo.App. W.D.1984). Porter is epileptic and takes medication to control his condition. At the evidentiary hearing, Porter testified that, because of his epileptic seizures and the effects of his medication, he "didn't understand what was going on" at the plea hearing, and was therefore incompetent to enter a plea. The ingestion of drugs, however, does not in and of itself render one incompetent to plead guilty. *Gillespie v. State*, 655 S.W.2d 830, 831 (Mo.App. E.D.1983).

■ When a movant in a post-conviction proceeding challenges his attorney's failure to request a mental examination, he must show the existence of a factual basis indicating the questionable nature of his mental condition, which should have caused the attorney to initiate an independent investigation of it. *State v. Skelton*, 887 S.W.2d 699,

---

1. All reference to rules are to Missouri Rules of Criminal Procedure (1996).

706 (Mo.App. S.D.1994). Porter, however, testified at the plea hearing as follows:

THE COURT: Are you under the influence of alcohol, narcotics or any kind of medication today?

PORTER: Yeah. I take medication for epilepsy. I gotta take phenobarbital and dilantin. That's it, though.

THE COURT: Does that in any way affect your thinking processes?

PORTER: No, it don't.

THE COURT: You appear to this Court to be alert.

PORTER: Yes, sir.

In the absence of some suggestion of mental instability, there is no duty on counsel to initiate an investigation of an accused's mental condition. *Id.*

We also note that plea counsel and the court had the following exchange at the time of the plea:

THE COURT: Mr. Mills [plea counsel], you've been working with this gentleman for some time, have you not?

MR. MILLS: I have, Your Honor.

THE COURT: What's your opinion concerning his thinking processes and whether or not they are impaired by the medication he's taking?

MR. MILLS: Your Honor, I think Mr. Porter understands what's happening here today, and I know he does, because we've talked about this on numerous occasions, and I don't think his thinking is impaired by the medicine he takes to treat his epilepsy.

Porter claims that he asked his attorney to move for a mental examination, and argues that "this request should have raised a doubt in counsel's mind as to Porter's competenc[e]." However, the only evidence supporting this assertion is Porter's own testimony at the evidentiary hearing. The motion court found that this testimony was "not credible." The record amply supports that finding. We defer to the motion court's determination of credibility. Accordingly, we do not find that plea counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances. *Sanders v. State*, 738 S.W.2d at 857.

Having found against Porter on the first element of his ineffective assistance of counsel claim, we are not required to consider the second element (prejudice), but nevertheless will do so here. Porter contends that plea counsel's failure to request a mental exam prejudiced him. To establish prejudice, a movant must show that, but for counsel's unprofessional conduct, there was a *reasonable probability* of a different result. *Moore v. State*, 827 S.W.2d 213, 215 (Mo. banc 1992) (emphasis in original). Here, Porter argues that "there is a reasonable probability that a mental examination would [have found] him incompetent to enter a knowing and voluntary guilty plea." This is a bald assertion which is not supported by the record. Accordingly, his claim of prejudice is without merit.

Porter proved neither that his plea counsel was ineffective nor that he was prejudiced. We therefore cannot hold that the findings and conclusions of the motion court were clearly erroneous. Rule 24.035(k); *Betts v. State*, 876 S.W.2d at 803.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.