**STATE of Missouri, Respondent,**

v.

**Tommy DUNMORE, Appellant.**

**No. WD 65590.**

Missouri Court of Appeals,
Western District.

June 26, 2007.

Tommy Dunmore, Jefferson City, appellant Pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Office of Attorney General, Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Mr. Tommy Dunmore appeals the denial of his motion for new trial. He was convicted in 1989 of first-degree assault and armed criminal action under sections 565.050 and 571.015, respectively. The charges stemmed from the shooting of his business partner Mr. Robert Newsome by Mr. Bruce Charles. When Mr. Charles was arrested on an unrelated matter, he confessed to the shooting and alleged that Mr. Dunmore had hired him. After *voir dire*, the State filed an amended information charging Mr. Dunmore as a persistent offender. He was found guilty and sentenced to two life sentences. On August 21, 1989, he filed a motion for new trial, which was denied.

His conviction was affirmed on direct appeal. *State v. Dunmore*, 822 S.W.2d 509 (Mo.App. W.D.1991). He also filed for post-conviction relief under Rule 29.15 for ineffective assistance of counsel. This was also denied by the trial court, and affirmed on appeal in a case consolidated with his direct appeal. *Id.*

■ Mr. Dunmore filed another motion for new trial in 2003. Mr. Dunmore requested that the time limitation for filing a motion for new trial be waived because he has new evidence and that had it been presented at trial it would have probably resulted in a different outcome. The trial court denied this motion. Mr. Dunmore appeals.

■ A motion for new trial must be filed within fifteen days after a verdict is returned. Rule 29.11(b). An untimely motion for new trial is not an appropriate means to introduce new evidence. *State v. Parker*, 208 S.W.3d 331, 334 (Mo.App. S.D. 2006). Appellant's motion was not timely filed and, therefore, preserves nothing for appeal.

■ Even if we review the new evidence in this case, Mr. Dunmore would not prevail. In extraordinary cases, we may remand a motion for new trial filed out of time under a plain error review so that the defendant can present new evidence. *Id.* "The only extraordinary circumstance recognized in this State for such an action to be taken is where the newly discovered evidence would have completely exonerated the defendant." *Id.* (internal quotation omitted). Our review is limited to plain error review of Mr. Dunmore's allegations under Rule 30.20. *See id.*

To warrant a new trial based on newly discovered evidence, the defendant must show that: (1) the evidence has come to the knowledge of the defendant since the trial; (2) it was not owing to want of due diligence that the evidence was not discovered sooner; (3) the evidence is so material that it would probably produce a different result in a new trial; and (4) the evidence is not cumulative only or merely impeaching the credibility of a witness.

*Id.* at 335–36.

■ We will briefly discuss each proposed piece of new evidence and explain why it is not sufficient to justify a new trial. Mr. Dunmore claims he has new evidence about the absence of an Order from then Missouri Supreme Court Justice Billings, which indicates that Justice Billings never issued an Order allowing Judge Thomas Brown from Cole County to preside over a case in Jackson County. The only evidence he has suggested is irrelevant. He stated that in response to communications with the State, he learned that there were no such Orders issued in 1996. The trial in this case occurred in 1989, and, therefore, any request and failure to find Orders dated in 1996 is irrelevant to whether such an Order was issued in 1989.

■ Mr. Dunmore further claims that new evidence establishes that he was actually innocent of the charges. He submits that evidence establishing that he was at the hospital at the time of the attacks establishes that he could not have committed the assault. That he was at the hospital is certainly not evidence unavailable to him at the time of trial. It also ignores the fact that he was charged because he hired someone else to commit the assault, so this evidence cannot constitute proof that he did not commit the assault.

■ He also claims that he had been under FBI surveillance for some time prior to the assault and that eighteen FBI agents would produce confidential government surveillance that would prove that he had not been in contact with Mr. Charles. A motion for new trial must be accompanied by proof in the form of an affidavit or within the motion itself. *State v. Batek*, 638 S.W.2d 809, 813 (Mo.App. E.D.1982); *State v. King*, 334 S.W.2d 34, 40 (Mo.1960). Mr. Dunmore provides no affidavits proving this allegation. He also does not provide any proof in the motion itself. All we are given are bare assertions that this evidence is available. Without more this is not enough to sustain the motion for new trial for this new evidence.

■ Mr. Dunmore additionally states that there is new evidence that Mr. Charles was insane. In his direct appeal, Mr. Dunmore claimed his attorney was ineffective because he had not presented evidence that Mr. Charles was insane or, in the alternative, that he had falsely claimed to be insane. *Dunmore*, 822 S.W.2d at 512. This court found that no evidence was presented that he was actually insane; merely that he had previously filed a motion in which he claimed insanity. *Id.* This is the same argument Mr. Dunmore is making in this appeal, and he provides nothing new on which to prove the insanity claim. Furthermore, such a claim only goes to Mr. Charles's credibility, which is not an appropriate basis for granting a new trial. *Parker*, 208 S.W.3d at 335–36.

■ Mr. Dunmore also claims to have new evidence that a detective improperly transferred Charles from state custody and coerced and rehearsed him for three hours to provide a false statement against petitioner. This evidence was before the court in the original trial: Detective Acklin testified that he had moved him to the police department and questioned him for three and a half hours; he took notes but he did not have them. All relevant information was presented to the jury in the direct examination of Detective Acklin. No new evidence has been suggested or presented explaining what happened during these three hours.

■ Finally, Mr. Dunmore claims that the original indictment was abandoned, and he was improperly convicted and sentenced under an amended information filed after the original indictment was abandoned; therefore, he was convicted when no indictment or information was in effect. The amended information was submitted after the *voir dire* and before the opening statements, without objection from his attorney. We cannot ascertain the date that it was filed because the date on the copy in the legal file is not filled in.

■ Nothing was presented that indicates that the original indictment was abandoned, and the amended information merely added a count charging him as a persistent offender. An information may be filed at any time prior to a verdict so long as the information does not include an additional or different offense, and the defendant's rights are not prejudiced. Rule 23.08. An information adding a count charging the defendant under the persistent offender statute, section 558.019.2, is not an additional or different offense. *State v. Rogers*, 758 S.W.2d 199, 201–02

(Mo.App. E.D.1988). Furthermore, Mr. Dunmore has not shown any prejudice against his substantial rights. Therefore, the entry of the information in lieu of indictment was correct.

In this case Mr. Dunmore has presented no new evidence that would completely exonerate him. The evidence he claims to be new is either: previously known and/or presented at trial, unproven in the brief or by affidavit, or goes to the credibility of Mr. Charles. Therefore, the new evidence does not qualify as extraordinary, and his motion for new trial is a nullity.

Appeal dismissed.

JOSEPH M. ELLIS, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.