**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-12-00574-CR**
_____

**TRAVIS JAMES GUILLORY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 11-11914**

**MEMORANDUM OPINION**

A jury convicted appellant Travis James Guillory of possession of a controlled substance as a habitual felony offender and assessed punishment at twenty-five years of confinement. In his sole appellate issue, Guillory contends trial counsel provided ineffective assistance. We affirm the trial court's judgment.

Guillory argues that trial counsel provided ineffective assistance by attempting to offer into evidence two exculpatory affidavits from co-defendants

rather than calling the affiants to testify at trial.[1] To prevail on a claim of ineffective assistance of counsel, an appellant must satisfy a two-pronged test:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986). An appellant must demonstrate a reasonable probability that but for his counsel's errors, the outcome would have been different. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). "Appellate review of defense counsel's representation is highly deferential and presumes that counsel's action fell within the wide range of reasonable and professional assistance." *Id*.

Guillory must prove that there was no professional reason for specific acts or omissions of his counsel. *See id.* at 836. Furthermore, "[a]ny allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *McFarland v. State*, 928 S.W.2d

---

[1] The trial judge refused to admit the affidavits into evidence.

482, 500 (Tex. Crim. App. 1996)). The bare record on direct appeal is usually insufficient to demonstrate that "counsel's representation was so deficient . . . as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone*, 77 S.W.3d at 833 (footnote omitted).

The record is silent concerning trial counsel's reasons for not calling the affiants to testify at trial. Although Guillory filed a motion for new trial, the sole ground asserted in his motion was that the verdict was contrary to the law and the evidence. Guillory did not contend in the motion that trial counsel provided ineffective assistance, nor did he create a record elucidating counsel's possible reasons for attempting to present statements rather than calling the witnesses to testify at trial. The record contains a response by the State to Guillory's motion for new trial, as well as the trial court's order denying the motion, but there is no indication in the record that a hearing was held on Guillory's motion for new trial. With a silent record, we cannot presume that counsel's conduct constituted ineffective assistance. *See Thompson*, 9 S.W.3d at 813; *Bone*, 77 S.W.3d at 833. We must presume that counsel's conduct falls within a wide range of reasonable representation. *See Strickland*, 466 U.S. at 690; *Bone*, 77 S.W.3d at 833. Accordingly, we overrule Guillory's sole issue and affirm the trial court's judgment.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 20, 2013
Opinion Delivered July 10, 2013
Do Not Publish

Before McKeithen, C.J., Gaultney and Kreger, JJ.

4