Hugh GREEN, Jr., Appellant,

v.

STATE of Missouri, Respondent.

No. 57279.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 24, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1990.

Application to Transfer Denied
July 31, 1990.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Presiding Judge.

This is an appeal from the denial of a motion to vacate judgment and sentence pursuant to Rule 27.26 alleging that appellant pleaded guilty unknowingly and involuntarily. Movant's motion was denied without an evidentiary hearing. We affirm.

On May 15, 1986, appellant, Hugh Green, Jr. pled guilty to the charge of first degree burglary. § 569.160 RSMo 1986. The appellant was sentenced to ten years in prison.

On December 24, 1987, appellant filed his pro se motion for post conviction relief. Pursuant to Rule 27.26(h) counsel was appointed to represent appellant. Appellant was granted until May 30, 1988 to file an amended motion. An amended motion was filed approximately three months late on August 19, 1988. The motion court refused to consider the amended motion but noted that the amended motion reiterated the same claims addressed in appellant's pro se motion. On July 31, 1989, the motion court issued findings and conclusions denying appellant's claims without an evidentiary hearing.

Our. review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings and conclusions are

clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo. App.1987). On a plea of guilty all claims of ineffective assistance of counsel are waived except to the extent that they make the plea involuntary. *McGinnis v. State*, 764 S.W.2d 653, 654 (Mo.App.1988).

Appellant's first point alleges that trial counsel did not investigate exculpatory circumstances. Specifically, counsel did not investigate the allegation that appellant was helping move property for Derrick Anderson at the home next to the burglarized residence when the police chased him without cause to the buglary scene. Although appellant acknowledges he stated at the guilty plea hearing that counsel had investigated all of his requests, appellant argues this did not conclusively refute his claim because he assumed that counsel had acted diligently and conscientiously on his behalf.

When the claim of ineffectiveness of counsel is based on the allegation that counsel failed to investigate, the movant must allege 1) specific information the attorney failed to discover, 2) that reasonable investigation would have disclosed that information, and 3) that information would have aided movant's position. *Thomas v. State*, 736 S.W.2d at 519.

In preparing a case, a lawyer is not expected to be clairvoyant. Thus, he must rely on information furnished to him by his client. *Jarmon v. State*, 740 S.W.2d 248, 249–50 (Mo.App.1987). Movant has the burden of showing that the witness could have been located through a reasonable investigation and would have testified if called. *Franklin v. State*, 655 S.W.2d 561, 566 (Mo.App.1983). If counsel has no notice or scant notice a witness exists, he is not ineffective if he fails to call that witness to testify. *Id.*

In the case at bar, appellant's allegations in his motion are mere conclusions unsupported by facts. In his motion, Appellant fails to state how the witness could be contacted, how he could be located, and failed to allege that this witness would have testified if he had been called. Thus, the appellant has failed to meet his burden. Furthermore, appellant's contentions are clearly refuted in the record. When asked at the guilty plea hearing whether he gave his lawyer the names of witnesses, the appellant stated: "I didn't have any." Thus, counsel is not ineffective for failing to call a witness that he has no knowledge ever exists. As the motion court found, the guilty plea transcript does not present the "slightest hint" that the appellant did not understand the proceedings or was dissatisfied with his counsel's performance. Point denied.

Appellant contends in his second point relied on that the strong medication that the appellant was taking at the time of his guilty plea deprived him of the capacity to understand the proceedings. Appellant acknowledges that this allegation is refuted by the appellant in the guilty plea transcript, but appellant argues that this merely begs the question of whether the appellant could realize the effects of the medicine while he was experiencing them.

The motion court found that there was no evidence that the appellant was confused or lacked understanding of the proceedings. An examination of the record shows appellant's answers to be coherent. Appellant fails to state how the drugs affected him or his thinking process. The appellant has pled guilty before. Thus, he has experienced the system. The motion court's ruling that the appellant understood the proceedings is not clearly erroneous. The ingestion of drugs only invalidates a guilty plea where the ability of the defendant to understand the proceedings and give free assent are impaired. *Branstuder v. State*, 609 S.W.2d 460, 462 (Mo.App. 1980). There is no evidence that drugs impaired the ability of the appellant to understand the proceedings or affected his guilty plea. Point denied.

**18**

Appellant in his third point relied on contends that because motion counsel failed to timely file an amended motion, a remand is required for further proceedings because appellant was denied his right to the aid of counsel as required by Rule 27.26(h).

 A failure by counsel to amend a pro se motion is not per se grounds for reversal. *Guyton v. State*, 752 S.W.2d 390, 392 (Mo.App.1988). Counsel is obligated to ascertain from movant whether the pro se motion includes all known grounds for relief. Counsel is not always obligated to file an amended motion, only when it is necessary to more fully and accurately state the movant's claims. *Eggers v. State*, 734 S.W.2d 300, 303 (Mo.App.1987). We find that counsel was not required to file an amended motion in this case. There is no claim that any additional grounds existed to be alleged in an amended motion. Counsel's untimely motion merely restated the grounds alleged in appellant's pro se motion. This supports our conclusion that the pro se motion adequately stated the grounds of relief for the court's consideration. Under these circumstances, we see no harm by counsel's failure to file an amended motion to movant's attempt to gain post-conviction relief. Point denied.

The judgment is affirmed.

SIMON, C.J., and JOSEPH J. SIMEONE, Senior Judge, concur.