**Ralph CROSS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 20551.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 11, 1996.

Ellen H. Flottman, Asst. Public Defender, Columbia, for movant–appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Assistant Attorney General, Jefferson City, for respondent–respondent.

BARNEY, Presiding Judge.

Ralph Cross (Movant) pleaded guilty to one count of possession of cocaine with the intent to distribute in violation of § 195.211, RSMo Cum.Supp.1992. The trial court sentenced Movant to 15 years in the Missouri Department of Corrections but suspended the execution of the sentence and placed him on supervised probation for a period of five years.

After Movant violated the terms of his probation, it was revoked by the trial court and he was ordered to serve his 15 year sentence.

Following the revocation of his probation, Movant filed a postconviction relief motion pursuant to Rule 24.035 [1] on the basis, *inter alia,* that his plea of guilty in the trial court

---

1. All Rule references are to Missouri Rules of Criminal Procedure (1995).

was not made knowingly and voluntarily because at the time of the entry of the plea Movant was under the influence of "nonprescription substances."[2] The motion court denied Movant the relief he sought. Specifically, the motion court found that Movant's own trial counsel refuted Movant's allegations that his plea of guilty in the trial court was unknowing and involuntary because he was under the influence of drugs.

Movant's sole point on appeal avers that the motion court erred in denying his postconviction relief motion for a new trial. Movant claims his plea was involuntary because he was under the influence of drugs at the time of his plea and, therefore, he did not understand the consequence of his plea.

■■■ Review of a postconviction motion is limited to a determination of whether the motion court clearly erred. *Wilhite v. State*, 845 S.W.2d 592, 594 (Mo.App.1992). The motion court's findings of fact and conclusions of law are presumed correct, *State v. Rice*, 887 S.W.2d 425, 427 (Mo.App.1994), and will be deemed clearly erroneous only if a full review of the record leaves this Court with a definite and firm impression that a mistake has been made. *Wilhite*, 845 S.W.2d at 594.

■■ Movant argues that the trial court did not make specific inquiry as to whether or not he was then presently under the influence of drugs or had otherwise ingested drugs prior to his appearing in court. However, "[w]hether a guilty plea is voluntarily and intelligently made is not whether a particular ritual is followed or whether each and every detail is explained to defendant, but whether the plea in fact is intelligently and voluntarily made." *Hoffman v. State*, 816 S.W.2d 930, 931 (Mo.App.1991).

■■ The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty. *Tyler v. State*, 787 S.W.2d 778, 780 (Mo.App.1990). This is true even when dealing with recent ingestion of drugs or drug addiction. *Betts v. State*, 876 S.W.2d 802, 805 (Mo.App.1994). "The key inquiry is whether the drug ingestion affected the defendant in such a way as to render his guilty plea involuntary." *Id.* The ingestion of drugs will only invalidate a guilty plea where the ability of the defendant to understand the proceedings and give free assent is impaired. *Green v. State*, 792 S.W.2d 15, 17 (Mo.App. 1990).

■■ A thorough review of the plea transcript and Movant's responses to the trial court's questions therein, demonstrate that Movant responded with unequivocal, straightforward and lucid answers, including responses to those questions specifically relating to his pleading guilty.

Further, the motion court found Movant's assertions of his being "high" or unable to understand the proceedings relating to his guilty plea were directly controverted by trial counsel's testimony in the motion court.

Specifically, trial counsel testified that on the day Movant pleaded guilty, he "seemed very coherent and articulate and didn't seem to be under the influence of anything". Trial counsel further testified that on that same day Movant stated to trial counsel that he smoked marijuana to alleviate a pain in his eye. However, trial counsel stated that there was "no indication to me that he was under the influence of it at the time."

■■ The motion court found that trial counsel's remarks negated any claim that Movant was under the influence of drugs at the time his guilty plea was entered. In a proceeding for postconviction relief, the credibility of the witnesses is for the motion court's determination. *State v. Tubbs*, 806 S.W.2d 746, 749 (Mo.App.1991). The motion court is free to disbelieve testimony even when no contrary evidence is presented. *Betts*, 876 S.W.2d at 805.

Movant's sole point of error is denied. The judgment is affirmed.

GARRISON and PREWITT, JJ., concur.

---

2. Movant's amended motion refers to the term "nonprescription substances" and his brief refers to his being "high" or "under the influence of drugs" at the time of his plea. In recitations relating to his sole point of error, Movant refers to "the effects of [Movant's] drug use...."