**Lawrence EDWARDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 53036.**

Missouri Court of Appeals,
Western District.

Aug. 12, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 30, 1997.

Application to Transfer Denied
Nov. 25, 1997.

Gary E. Brotherton, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before LAURA DENVIR STITH, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

Lawrence Edwards pleaded guilty to second degree murder, § 565.021, RSMo 1994, attempted forcible rape, § 566.030.2, RSMo Cum.Supp.1993, and attempted forcible sodomy, § 566.060.2, RSMo Cum.Supp.1993. As a result, Mr. Edwards was sentenced to concurrent terms of imprisonment of thirty years, five years and five years, respectively. He subsequently filed a Rule 24.035 motion,

which was denied without an evidentiary hearing. Mr. Edwards appeals from the motion court's denial. On appeal, Mr. Edwards contends that the motion court erred in ruling that he was not abandoned by his post-conviction counsel who did not file an amended motion. In the alternative, Mr. Edwards contends that the motion court plainly erred in its denial of his Rule 24.035 motion hearing because the sentencing court failed to personally inform him of his rights in open court pursuant to Rule 24.02. As his final point in the alternative, Mr. Edwards contends that the motion court erred in its denial of his motion because he received ineffective assistance of trial counsel, and his guilty plea was involuntary since it was entered when he was under the influence of prescription drugs.

The judgment of the motion court is affirmed.

Lawrence Edwards pleaded guilty to one count each of second degree murder, attempted forcible rape, and attempted forcible sodomy. As part of the plea agreement, the State dropped three other charges and agreed not to introduce evidence of Mr. Edwards' prior offender status. The sentencing court accepted the plea agreement and sentenced Mr. Edwards to concurrent terms of imprisonment of thirty years, five years, and five years, respectively.

Subsequently, on June 20, 1995, Mr. Edwards filed a pro se motion pursuant to Rule 24.035 to vacate his convictions and sentences. In his motion, Mr. Edwards claimed that he was serving his sentences as a prior offender, in violation of his plea agreement. He also claimed that the State failed to make its witnesses and evidence available for discovery and that it violated his rights by postponing his preliminary hearing and then obtaining an indictment against him. Furthermore, he claimed that his trial counsel rendered ineffective assistance of counsel by threatening to withdraw from his case unless he accepted the plea bargain; by failing to impeach a prosecution witness; and by failing to call certain witnesses on his behalf. Finally, Mr. Edwards claimed that his guilty plea was involuntary because he was on anti-depressant and anti-psychotic medications.

On June 27, 1995, the motion court appointed the Appellate Defender for the Western District as counsel for Mr. Edwards. An assistant appellate defender, Rebecca L. Kurz, entered her appearance on behalf of Mr. Edwards and filed an application for an extension of time in which to file the amended motion. Ms. Kurz also filed a motion requesting preparation of the guilty plea transcript. The motion court granted Mr. Edwards until August 28, 1995 to file an amended motion. No amended motion was filed by this date.

In a letter dated January 25, 1996, counsel notified the motion court that Mr. Edwards had "some time ago ... informed [her] that he wanted to voluntarily dismiss his case." Furthermore, she informed the motion court that she had prepared and mailed voluntary dismissal papers to Mr. Edwards at least twice so he could sign them, but the forms were not returned. On January 29, 1996, the motion court appointed new counsel to represent Mr. Edwards and scheduled a "phone status conference." During this conference, Mr. Edwards informed the court that he did not wish to dismiss his Rule 24.035 motion.

On April 26, 1996, the motion court held a hearing pursuant to *Luleff v. State*, 807 S.W.2d 495 (Mo. banc 1991), to determine why Ms. Kurz did not file an amended post-conviction motion and whether Mr. Edwards had been abandoned by his initial post-conviction counsel. At the hearing, Mr. Edwards testified by videotaped deposition that he had spoken with counsel about the possibility of voluntarily dismissing his case but had never made a firm decision to do so. Mr. Edwards said that counsel told him he could receive a more severe sentence if he went to trial. He also indicated that when he was informed of this possibility, he was indecisive about dismissing his motion.

Ms. Kurz testified at the hearing. She stated that upon her appointment to Mr. Edwards' case she sent him "an initial contact letter." She then telephoned Mr. Edwards about two weeks before the deadline for the amended motion. Although she could not recall telling Mr. Edwards the date his amended motion was due, she stated that it

was her practice to tell every client the due date. During this conversation, she informed Mr. Edwards that if he was successful in overturning his guilty plea he would be subject to trial on all of the original charges and face the full range of punishment for each offense. In addition, Ms. Kurz advised Mr. Edwards that she did not believe he had any viable post-conviction claims. Mr. Edwards told her that he thought he wanted to dismiss his motion for post-conviction relief.

According to her, she sent two letters to Mr. Edwards pursuant to his wish to voluntarily dismiss his motion. In the letters, which were admitted in evidence, Ms. Kurz requested that Mr. Edwards sign and return the voluntary dismissal papers she had enclosed. The first letter was dated August 22, 1995, prior to the August 28th deadline for filing an amended motion. The second letter was sent on September 7, 1997, after the deadline. She testified that she told Mr. Edwards, during their telephone conversation, to return the dismissal so she could file it before the deadline for the amended motion. Ms. Kurz further testified that she did not file an amended motion because Mr. Edwards had decided to dismiss his case. On September 28, 1995, Ms. Kurz received an undated letter from Mr. Edwards in which he indicated his desire to continue with his case.

The motion court found that Mr. Edwards had not been abandoned by his appellate counsel. The court determined that "[a]ppellate counsel's failure to file an amended motion was a direct result of movant's advice to counsel that he wished to dismiss his 24.035 motion." The motion court found that counsel secured the transcript, and discussed with Mr. Edwards the possible grounds for amendment and the possible consequences if Mr. Edwards was successful and received a trial. The motion court noted that in Mr. Edwards' letter to counsel, received by her on September 28, 1995, he did not explain his earlier failure to respond to her communications concerning the voluntary dismissal. The motion court found that by the time Mr. Edwards decided against the voluntary dismissal, the time for filing an amended motion had passed. Therefore, it held that Mr. Edwards' negligence and intentional failure to act caused counsel's inaction. As a result, the motion court held that Mr. Edwards was entitled to no further relief than might be afforded by his pro se motion.

On June 6, 1996, the motion court denied Mr. Edwards' pro se Rule 24.035 motion without an evidentiary hearing. In its order, the motion court found that Mr. Edwards' motion contained mere allegations, not facts warranting relief. The motion court held that Mr. Edwards' claims of trial counsel's ineffectiveness and the involuntariness of his guilty plea were refuted by the record. Mr. Edwards filed a timely appeal of this order.

In his first point on appeal, Mr. Edwards claims that the motion court clearly erred in finding that he had not been abandoned by appellate counsel. Mr. Edwards alleges that Ms. Kurz abandoned him because she failed to comply with Rule 24.035(e) which required her to determine whether his pro se motion included all claims. He argues that he had a meritorious claim for relief in that his guilty plea was rendered involuntary by the plea court's failure to personally inform him of his rights in open court as required by Rule 24.02.

■■■ On appeal from the denial of a post-conviction motion, this court is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Tolen v. State*, 934 S.W.2d 639, 641 (Mo.App.1996). Such a finding will be made if, after a review of the entire record, the court is left with a definite and firm impression that a mistake has been made. *Id.* On appeal, this court will defer to the motion court's determination of the credibility of the witnesses. *Thomas v. State*, 808 S.W.2d 364, 366 (Mo. banc 1991).

The Missouri Supreme Court has recognized two forms of abandonment in Rule 24.035 post-conviction proceedings. *Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996). "[A]bandonment occurs under the *Luleff* scenario when post-conviction counsel takes no action on movant's behalf and, as a result, it appears *on the face of the record* that movant is deprived of a meaningful review of post-conviction claims." *Id.* If movant's negligence or intentional failure to act is the cause

of counsel's apparent inattention, the movant has not been abandoned and is entitled to no relief other than that afforded by the pro se motion. *Luleff,* 807 S.W.2d at 498.

In *Sanders v. State,* 807 S.W.2d 493, 494–95 (Mo. banc 1991), the Supreme Court recognized another form of abandonment. Abandonment under *Sanders* occurs when "the record reflects that counsel has determined that there is a sound basis for amending the *pro se* motion but fails to file the amended motion [in a timely manner] as required...." *Id.*

 Here, the motion court determined that Mr. Edwards, not his counsel, was responsible for the failure to file an amended post-conviction motion. Under the *Luleff* standard, there is evidence that Ms. Kurz took action on behalf of Mr. Edwards. Ms. Kurz entered a formal appearance on behalf of Mr. Edwards, sent Mr. Edwards an "initial contact letter," obtained the transcript of the guilty plea and secured an extension of time to file an amended motion. She reviewed Mr. Edward's case and evaluated his claims. During a phone call to Mr. Edwards, she expressed her opinion of the merit of his claims and advised him of the possible negative consequences if he was successful in overturning his guilty pleas.

The record also reflects that she sent two letters to Mr. Edwards dated August 22, 1995 and September 7, 1995 concerning the voluntary dismissal which they had discussed in the prior telephone conversation. Ms. Kurz did not receive a reply to these correspondences from Mr. Edwards until September 28, 1995, exactly one month after the amended motion was due to be filed.

The fact that Mr. Edwards failed to inform Ms. Kurz that he did not want to dismiss until it was too late to file an amended motion supports the motion court's finding that his negligence or intentional failure to act was the reason an amended motion was never filed. By the time Mr. Edwards communicated his decision not to dismiss his motion, in contradiction to his prior discussions with counsel, the time for filing the motion had expired. Ms. Kurz did not abandon Mr. Edwards by failing to pursue a course of action which she was unaware Mr. Edwards desired.

In his videotape deposition, Mr. Edwards stated that counsel misunderstood his intentions and that he had never made a firm decision to dismiss his Rule 24.035 motion. However, the motion court was free to reject Mr. Edwards' testimony which was directly contradictory to his counsel's statement that he "informed [her] that he wanted to voluntarily dismiss his case." *Cross v. State,* 928 S.W.2d 418, 419 (Mo.App.1996).

As for the *Sanders* test, Mr. Edwards was abandoned only if Ms. Kurz determined that there was a sound basis for filing an amended motion, and then she failed to act in a timely manner. 807 S.W.2d at 494–95. In her correspondence with Mr. Edwards, Ms. Kurz informed him that she did not believe that he had "any meritorious claims of ineffective assistance of counsel." Furthermore, Ms. Kurz testified at the *Luleff* hearing that it was her opinion that there was no sound basis for filing an amended motion in this case. The motion court found her a credible witness, a finding which is entitled to deference on appeal. *Cross,* 928 S.W.2d at 419.

 Mr. Edwards maintains that Ms. Kurz' belief that he did not have any valid claims to assert in an amended motion was wrong. He argues that he had a meritorious post-conviction claim in that the sentencing court failed to comply with Rule 24.02 when it accepted his guilty plea. In effect, this is a claim that he received ineffective assistance of counsel. This issue is not cognizable because *Sloan v. State,* 779 S.W.2d 580, 583 (Mo. banc 1989) *cert. denied,* 494 U.S. 1060, 110 S.Ct. 1537, 108 L.Ed.2d 776 (1990), "prohibits review of claims regarding ineffective assistance of postconviction counsel in a post-conviction proceeding." *Luleff,* 807 S.W.2d at 497. *See also Pollard v. State,* 807 S.W.2d 498, 502 (Mo. banc 1991).

The record in this case supports the motion court's finding that there was no abandonment by Mr. Edwards' post-conviction counsel. Point one is denied. As instructed by *Luleff,* the motion court went on to consider the merits of Mr. Edwards' pro se motion. 807 S.W.2d at 498. Therefore, we consider Mr. Edwards' points contesting the

motion court's denial of his Rule 24.035 motion.

 In his second point, which he raises in the alternative to point one, Mr. Edwards claims that the motion court plainly erred in denying his Rule 24.035 motion without an evidentiary hearing because the plea court violated Rule 24.02 by failing to personally inform him of his rights in open court. Mr. Edwards did not raise this claim in his Rule 24.035 motion and raises it for the first time on appeal. Under Rule 24.035(d), the post-conviction motion must include all claims and those not raised in the motion are waived. *Johnson v. State*, 921 S.W.2d 48, 50 (Mo.App. 1996). Therefore, Mr. Edwards has waived this claim. Plain error review is also unavailable. "Because the appellate court lacks jurisdiction to consider these claims, they are not eligible for plain error review under Rule 84.13(c)." *State v. Dees*, 916 S.W.2d 287, 302 (Mo.App.1995) (citation omitted). Point two is denied.

As his third point, also in the alternative to point one, Mr. Edwards contends that the motion court clearly erred in its denial of his pro se motion without an evidentiary hearing because he received ineffective assistance of counsel in that his plea counsel threatened to withdraw from his case if he did not plead guilty. Mr. Edwards further alleges that his guilty plea was unknowing, unintelligent and involuntary since he was under the influence of anti-depressant and anti-psychotic drugs.

 In order to be entitled to an evidentiary hearing under Rule 24.035, "a movant must (1) allege facts rather than conclusions which, if true, would warrant relief; (2) the facts alleged must raise matters which are not refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant's defense." *Edgington v. State*, 869 S.W.2d 266, 268 (Mo.App. 1994). All three of these prongs must be present, otherwise the motion court may deny an evidentiary hearing. *Id.* Finally, a

movant must timely request an evidentiary hearing. *Id.*[1]

 With regard to his claim of ineffective assistance of counsel, Mr. Edwards must sustain the heavy burden of proving that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney in similar circumstances and that he was prejudiced by this failure. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674, 693 (1984). In the case of a guilty plea, the movant must prove that the alleged ineffective assistance of counsel rendered his guilty plea involuntary. *Greathouse v. State*, 859 S.W.2d 247, 248 (Mo.App.1993). Finally, a movant must overcome the presumption ·that counsel is competent. *State v. Shurn*, 866 S.W.2d 447, 468 (Mo. banc 1993).

Mr. Edwards first asserts that his counsel was ineffective because counsel threatened to withdraw if Mr. Edwards did not plead guilty. Specifically, he alleged in his pro se motion that "[i]t is my right to not be pressured into any plea-agreement by prosecution or Public Def: Leon Munday, who said take the plea-bargain or he would see to it that the Pros: Amy McGowan would take the plea-bargain back and withdrew (sic) from my case."

The motion court denied this claim upon finding, *inter alia*, that Mr. Edwards failed to assert how these allegations prejudiced him in any way. The motion court concluded, as a matter of law, that Mr. Edwards was required to show that, except for counsel's error, he would have not pleaded guilty and would have insisted on going to trial.

 This court agrees and finds that Mr. Edwards failed to state a claim which warrants relief. In order to satisfy the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's ineffectiveness, he would have not pleaded guilty and would have insisted on going to trial." *Daniels v. State*, 927 S.W.2d 512, 514 (Mo.App.1996). No where in the

---

1. Although an amendment to Rule 24.035 went into effect on January 1, 1996 eliminating the filing of a request for a hearing, this case is governed by the version of Rule 24.035 in effect on the date that Mr. Edwards filed his motion, June 20, 1995. Rule 24.035(m). Prior to that date, subparagraph (g) of Rule 24.035 provided that "[a] request for a hearing shall be made by motion on or before the date an amended motion is required to be filed."

record does Mr. Edwards claim that he was prejudiced by counsel's alleged threat to withdraw or that he would have insisted on going to trial except for his trial counsel's statements. Since Mr. Edwards did not request an evidentiary hearing, the motion court properly ruled Mr. Edwards' post-conviction claim on the basis of the record before it. Upon this record, the motion court was not clearly erroneous in finding that Mr. Edwards failed to state a claim for post-conviction relief on his allegations that his counsel threatened to withdraw if Mr. Edwards did not plead guilty.

Mr. Edwards' second contention in point three, that anti-depressants and anti-psychotic medications rendered his plea involuntary, is refuted by the record. Merely ingesting drugs is insufficient to render a person incapable of pleading guilty; "the ingestion of drugs will only invalidate a guilty plea where the ability of the defendant to understand the proceedings and give free assent is impaired." *Cross*, 928 S.W.2d at 419. At his plea hearing, the court considered Mr. Edwards' mental state. The court had read a report from a mental examination which indicated that although Mr. Edwards had experienced depression, he was not debilitated by that disease or the medication he was taking for it. The court noted Mr. Edwards' depression and specifically found that he was not debilitated by that condition, and that he was aware of and understood the proceedings. In addition, the court asked Mr. Edwards if he understood the guilty plea and its ramifications. Mr. Edwards answered in the affirmative to this line of questioning.

These facts refute Mr. Edwards claim that his guilty plea was involuntary because he was taking anti-depressant and anti-psychotic drugs. Point three is denied.

The judgment of the motion court is affirmed.

All concur.