**William ELMORE, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 24197.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 4, 2001.

Motion for Rehearing or Transfer Denied
Sept. 21, 2001.

Application for Transfer Denied
Oct. 23, 2001.

---

fied that he did not remember what took place during his guilty plea and did not understand what was going on at the hearing. We do not find merit in Movant's argument.

"The mere ingestion of drugs is insufficient to render a person incapable of pleading guilty." *Cross*, 928 S.W.2d at 419. "This is true even when dealing with recent ingestion of drugs or drug addiction." *Id.* "The ingestion of drugs will only invalidate a guilty plea where the ability of the defendant to understand the proceedings and give free assent is impaired." *Id.; Green v. State*, 792 S.W.2d 15, 17 (Mo.App.1990).

Review of the transcript from Movant's guilty plea proceedings and Movant's responses to questions from the plea court, his plea attorney and the prosecutor demonstrate that Movant clearly understood what was taking place. When asked by the plea court if he understood all of his rights, Movant responded that he did. When asked by the plea court why he was pleading guilty, Movant responded, "I'm guilty." He testified that the "stuff at the house is mine." He testified that authorities "found some iodine [and] trichlorephine" in his possession. In response to the question, "[s]o you possessed this material with the purpose of using it to manufacture methamphetamine?", Movant responded, "That was the plan." He also testified that he was going to "[t]each people how to cook meth." He further acknowledged that he was in the "process of breaking down pseudoephedrine pills...." Indeed, Movant gave clear, detailed, and lucid answers to approximately 150 questions posed to him as evidenced in 23 pages of the plea transcript. In some instances he corrected his plea counsel

and the plea court. In one instance he indicated to the plea court that he did not understand the range of punishment for his offense and the matter was made more definite. Further, during these plea proceedings Movant informed the plea court that the last time he had taken illegal drugs, namely cocaine and methamphetamine, was the Wednesday before the plea hearing which was held the following Monday. Movant also freely explained to the plea court that he was on prescriptions for blood pressure and cocaine withdrawal.

In its judgment, the motion court stated:

[T]his Court finds Movant voluntarily, knowingly, and intelligently entered his plea of guilty on October 18, 1999. Movant was lucid, he appropriately answered the questions of counsel and the Court, and there was no evidence that his ingestion of methamphetamine and cocaine five days prior to hearing, or his taking of medications prescribed to him for blood pressure and cocaine addiction affected his ability to know and understand the proceedings at which he was participating.[1]

The motion court is not bound to take Movant's motion court testimony as true and we must defer to motion court's ability to judge the credibility of Movant. *See Henderson*, 32 S.W.3d at 770. "The motion court is free to disbelieve testimony even when no contrary evidence is presented." *Cross*, 928 S.W.2d at 419. Movant has not demonstrated that the motion court committed error in denying his postconviction motion to vacate or set aside the judgment and sentence on the basis that his guilty plea was not knowingly and voluntarily entered. Point denied.

The judgment is affirmed.

---

1. We note that the motion court judge was the same judge who accepted Movant's guilty plea on October 18, 1999.

SHRUM, P.J., concurs.

MONTGOMERY, J., concurs.