Leonard E. **DAWSON**, Appellant,

v.

**STATE** of Missouri, Respondent.

**No. WD 60232.**

Missouri Court of Appeals,
Western District.

June 25, 2002.

Tara L. Jensen, Assistant Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Adriane D. Crouse, Assistant Attorney General, Jefferson City, for respondent.

Before ELLIS, P.J., and EDWIN H. SMITH and HOWARD, JJ.

VICTOR C. HOWARD, Judge.

Leonard E. Dawson appeals from the denial of his Rule 24.035 [1] motion, raising a claim of ineffective assistance of postconviction counsel.

We affirm.

## Background

This appeal is from a second Rule 24.035 motion filed by Mr. Dawson. The following chronology of events is helpful in understanding the basis for this motion, which the motion court denied without an evidentiary hearing:

On **May 20, 1998,** Mr. Dawson was charged by information with assault in the first degree and armed criminal action in the Circuit Court of Mercer County, Missouri.

On **July 15, 1998,** Mr. Dawson appeared at a plea hearing. His counsel announced Mr. Dawson's intentions to enter an *Alford* plea [2] after Mr. Dawson testified that he

---

1. Rule references are to the Missouri Rules of Criminal Procedure (2001).

2. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970) (holding that the lack of defendant's confession to the criminal act did not constitutionally impair

could not remember what happened on the night of the offense because he was intoxicated. The court extensively questioned Mr. Dawson about the circumstances surrounding his plea. At one point the court asked Mr. Dawson if he thought he was suffering from a mental disease, defect, or other mental problems. Mr. Dawson replied, "I don't know, it's hard to say right now. I might be." His plea counsel then advised the court:

> I had some question with regard to the possible need for a mental evaluation in this case. I have had two other attorneys in my office meet with Mr. Dawson ... It was their position that there was no good cause to move forward with a motion for psychiatric exam. But the offense ... occurred as a result of his being intoxicated. I believe that is why he does not remember it. He in fact has a faulty memory or a bad memory. But in fact, ... at the preliminary hearing there was evidence that in fact [Mr. Dawson committed the offenses and] he believes he would be convicted.

Mr. Dawson then equivocated as to whether or not he thought he had committed the crime. The plea court then indicated that it did not think it would accept the plea, and they should proceed to trial because it would "just be back on a motion to set aside." Thus, the case was set for trial on August 31, 1998.

On **August 31, 1998,** Mr. Dawson again requested to enter an *Alford* plea rather than proceed to trial as scheduled. The court again questioned Mr. Dawson extensively. This time the court found Mr. Dawson's plea to be knowingly, voluntarily, and intelligently made and accepted the

acceptance of his plea because the trial court had before it a strong factual basis for the plea).

**3.** This pre-sentence investigation is not a part of the record on appeal.

plea. The court then ordered a pre-sentence investigation and set sentencing for October 14, 1998.[3]

On **October 14, 1998,** the court sentenced Mr. Dawson to concurrent terms of twenty years imprisonment for assault and fifteen years for ACA.

On **December 14, 1998,** Mr. Dawson filed his *pro se* Rule 24.035 motion.

On **June 8, 1999,** Mr. Dawson's court-appointed counsel, Karl Hinkebein, filed a timely amended Rule 24.035 motion. Among the allegations included in the motion were the allegations that (1) Mr. Dawson's plea counsel was ineffective for not "adequately" investigating and having Mr. Dawson evaluated for competency to stand trial, and (2) Mr. Dawson was denied due process of law in that he was convicted under an *Alford* plea while he was legally incompetent to proceed.

On **September 9, 1999,** at the request of Mr. Hinkebein, Dr. Michael P. Stacy, a psychologist, saw Mr. Dawson for a psychological examination. In Dr. Stacy's opinion,[4] Mr. Dawson was

> not [ ] capable of the level of abstract reasoning and understanding that would be necessary to knowingly and voluntarily enter [into] an *Alford* plea; nor would he have been competent to do so at [the time of his plea].... [B]ecause of mental defect, [Mr. Dawson was] unable to understand the proceedings against him or to effectively assist in his own defense. His ability to knowingly and voluntarily enter a plea was severely compromised by mental defect.

**4.** This report appears to meet the requirements for reports made under section 552.020.3 RSMo Cum.Supp.1998.

On **April 7, 2000,** the motion court conducted an evidentiary hearing on Mr. Dawson's Rule 24.035 motion. His plea counsel testified that although she had informed the plea court that she had some question about the possible need for a mental evaluation, outside of asking two fellow attorneys to meet with Mr. Dawson and render their opinions on his competency, she did not further investigate Mr. Dawson's mental history, so she did not discover his previous diagnosis of mental retardation. She also testified that her "decision not to request a psych evaluation was not in any way connected to the plea." Mr. Hinkebein introduced various school records and drug and alcohol treatment records of Mr. Dawson reflecting Mr. Dawson's mental retardation.[5] However, there is no indication that Dr. Stacy's psychological evaluation was ever introduced to the motion court. The motion court's judgment does indicate Mr. Dawson was deprived of his right to a mental evaluation under section 552.020[6] when it states:

> [T]his court finds that [Mr. Dawson] established that he was deprived of due process under the 14th Amendment to the United States Constitution and Article I, section 10 of the Missouri Constitution. Specifically, [Mr. Dawson] was deprived of due process in that he did not receive a mental evaluation pursuant to Missouri Revised Statutes Chapter 552, when one was mandated based on information available at the time of his guilty plea.

After announcing such a finding at the evidentiary hearing, the court indicated its understanding that Mr. Hinkebein and the State had arrived at an agreement that Mr. Dawson's conviction would not be set aside but, instead, the parties would stipulate to an amended sentence of concurrent terms of fourteen years imprisonment on each count. In addition, as a part of the agreement to amend the sentence, Mr. Hinkebein informed the court that Mr. Dawson agreed to waive any other postconviction grounds or remedies that may have been available. The court then proceeded to amend Mr. Dawson's sentence in accordance with the stipulation. Mr. Dawson did not appeal from the motion court's judgment.

On **June 15, 2000,** Mr. Dawson filed a second *pro se* Rule 24.035 motion.

On **October 30, 2000,** court-appointed, postconviction counsel filed an amended Rule 24.035 motion ("second Rule 24.035"), which is the motion currently at issue. One of Mr. Gibson's claims was that Mr. Hinkebein, Mr. Dawson's postconviction counsel in his first Rule 24.035 proceeding, was ineffective in failing to further pursue the issue of Mr. Dawson's competency by failing to introduce Dr. Stacy's evaluation prior to stipulating to an amended sentence and waiver of postconviction rights. Further details of this claim are discussed below in our discussion of the issues on appeal.

On **June 14, 2001,** the motion court entered its order denying Mr. Dawson's second Rule 24.035 motion without an evidentiary hearing. Among its many findings of fact, the motion court found:

> Transcripts have been made of the following proceedings: from when [Mr. Dawson] entered his guilty plea of July 15, 1998; from when he was sentenced on October 14, 1998; and from the evidentiary hearing on his previous 24.035 action on April 7, 2000. At each hear-

---

**5.** Although these records are discussed extensively in the transcript of, and were admitted at, the evidentiary hearing, they are not a part of the record on appeal.

**6.** Statutory references are to RSMo Cum. Supp.1998.

ing, [Mr. Dawson] was questioned by the Court, often quite extensively. [Mr. Dawson's] responses seem appropriate, with the record indicating that he intelligently and voluntarily entered his plea of guilty to the two charges. Although [Mr. Dawson] had some difficulty remembering the particulars of the incident from which the charges stemmed, he readily admitted to being intoxicated at the time. The record otherwise shows that [Mr. Dawson] was alert and lucid during the various proceedings, giving responsive and logical answers to the Court's questions, thereby dispelling any notion that he lacked comprehension.

The court then concluded that because Mr. Dawson's competency had been previously determined in his first Rule 24.035 proceeding, the second motion court could not entertain a successive motion challenging his competency. This appeal follows.

### Standard of Review

■ In accordance with Rule 24.035(k), our review of Mr. Dawson's postconviction relief motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." The motion court's findings and conclusions are clearly erroneous only if, after reviewing the entire record, this court definitely and firmly believes that the motion court has made a mistake. *Edwards v. State*, 954 S.W.2d 403, 406 (Mo. App. W.D.1997).

### Discussion

■ Mr. Dawson contends on appeal that Karl Hinkebein was ineffective for failing to introduce Dr. Stacy's psychological evaluation and allowing Mr. Dawson to be sentenced while he was incompetent[7] and that the motion court clearly erred in denying his motion without an evidentiary hearing.

■ The State contends that Mr. Dawson is barred from bringing this claim because Mr. Hinkebein was appointed as postconviction counsel. As pointed out by the State, there is no right to counsel in a postconviction proceeding, so there is no claim for ineffective assistance of postconviction counsel. *See Moore v. State*, 934 S.W.2d 289, 291 (Mo. banc 1996) (holding that claims of ineffective assistance of postconviction counsel are not reviewable except in the limited circumstance in which the movant can show he was abandoned by postconviction counsel). Mr. Dawson argues, however, that in negotiating and stipulating to an amended sentence, Mr. Hinkebein effectively switched hats from that of postconviction counsel to that of plea counsel. We disagree. Mr. Hinkebein, acting as court-appointed, postconviction counsel, did stipulate to the reduced sentence subsequently imposed by the motion court. But this was done within the context of Rule 24.035, which allows sentences to be amended.[8]

---

**7.** " 'Incompetency is distinct from the insanity defense because it involves the defendant's mental state at the time of trial rather than at the time of the offense.' " *State v. Tilden*, 988 S.W.2d 568, 573 (Mo.App. W.D.1999) (citation omitted).

**8.** Specifically, Rule 24.035(j) states:
The court shall issue findings of fact and conclusions of law on all issues presented, whether or not a hearing is held. If the court finds that the judgment was rendered

without jurisdiction, that the sentence imposed was illegal, or that there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and *shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate.*

Rule 24.035 relief is clearly governed by the Rules of Civil Procedure, where applicable. Rule 24.035(a). However, certain aspects of the rule most certainly affect matters criminal in nature, e.g., allowing the motion court to resentence a movant. Nonetheless, our supreme court has allowed resentencing and the correction of sentences all within the context of Rule 24.035, as opposed to, if a motion has merit, redirecting remedies through the usual criminal rules for sentencing. Accordingly, we are unable to risk infringement upon the supreme court's admonition that, absent utter abandonment, "postconviction proceedings may not under any circumstances be used to challenge the effectiveness of postconviction counsel." *Sanders v. State,* 807 S.W.2d 493, 494 (Mo. banc 1991); *see also Krider v. State,* 44 S.W.3d 850, 860 (Mo. App. W.D.2001) (holding that a Rule 24.035 movant "may not obtain review of his postconviction counsel's alleged ineffectiveness in failing to call witnesses by labeling his counsel's alleged dereliction 'abandonment' ").

Accordingly, the motion court's judgment denying Mr. Dawson's second Rule 24.035 motion is affirmed.

ELLIS, P.J., and EDWIN H. SMITH, J., concur.