**Sonnie K. JOHNSON, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 28350.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 8, 2007.

Kent Denzel, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Dora A. Fichter, Office of the Attorney General, Jefferson City, for Respondent.

DANIEL E. SCOTT, Judge.

Sonnie Johnson appeals the denial of his Rule 24.035 [1] claim for post-conviction relief. We previously remanded this case for further findings and conclusions. *Johnson v. State,* 210 S.W.3d 427 (Mo.App.2006). We borrow freely, without further attribu-

---

1. Unless otherwise indicated, rule references are to Missouri Court Rules (2007), and statutory references are to Missouri Revised Statutes (2000).

tion, from our previous recitation of the facts.

### Facts and Procedural Background

Johnson was charged in separate cases with class C felonies of second-degree domestic assault (§ 565.073) and possession of a controlled substance (§ 195.202). He was alleged to be a prior and persistent offender [2] in the drug case only. He decided to plead guilty in both cases.

At a combined plea hearing, the court first confirmed that Johnson intended to plead guilty in the assault case without a plea agreement. When the court asked if Johnson was pleading guilty in the drug case as a persistent offender without a plea agreement, Johnson initially demurred. After Johnson and plea counsel conferred, counsel answered the court's question affirmatively. Johnson's sworn testimony thereafter confirmed his understanding of the charges and the knowing and voluntary nature of his pleas. He specifically testified there were no plea agreements, no one advised him to lie to the court or answer questions untruthfully, and he was completely satisfied with his lawyer's services in both cases. Johnson was advised on the record the range of punishment for each offense—both were class C felonies with a maximum imprisonment of seven years, but he could receive up to 15 years in the drug case because he was a persistent offender. Johnson reiterated that no one promised him anything to induce him to plead guilty, and he was pleading guilty because he did the things that the prosecutor recited in his factual bases for the pleas.

Finally, Johnson formally pleaded guilty in each case. First, he pleaded guilty to the domestic assault charge. Thereafter, the court asked for Johnson's plea "to the Class C felony of possession of a controlled substance .... as a prior and persistent offender." The prosecutor interrupted to recite the two felony convictions that made Johnson a persistent offender, after which Johnson pleaded "Guilty, Your Honor. Guilty, Your Honor" to the drug charge. The court accepted both pleas after finding a factual basis for each charge and that Johnson was entering his pleas voluntarily and with an understanding of his rights. Based on his two prior felony convictions, the court also found beyond a reasonable doubt that Johnson was a persistent offender.

Later, at the sentencing hearing, plea counsel asked the court to set aside the guilty pleas, claiming Johnson "did not feel he really had had time to think about the impact of the plea as a prior and persistent offender." Plea counsel recalled the plea court telling Johnson that his persistent offender plea was only for the drug case, and after Johnson and counsel shared "brief words," Johnson elected to proceed with his guilty pleas. Johnson later told plea counsel, however, that he "thought about it more, and thought, no, that he just wasn't comfortable with that and is requesting the Court to allow him to withdraw his guilty plea." In reply, the court expressed confidence that it would have asked Johnson "if he was pleading guilty as a prior and persistent offender to the Class C felony—probably the Class C felony of possession of a controlled substance, and he would have said yes to that question, or I probably wouldn't have proceeded." Plea counsel agreed, "Judge, that is correct." The court denied the motion and proceeded to sentencing. The State requested seven years on each count. Plea counsel asked the court to consider probation. The court sentenced Johnson to con-

---

**2.** Since persistent offenders are prior offenders by definition, (§ 558.016.2, .3) we may shorten "prior and persistent offender" to "persistent offender" for brevity.

current five-year terms and denied probation.

Johnson asserted a total of seven grounds for Rule 24.035 relief, which was denied after an evidentiary hearing. We can reverse only if the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). This standard is met only if we review the whole record and are definitely and firmly convinced that a mistake was made. *Dobbs v. State,* 229 S.W.3d 651, 653 (Mo.App.2007).

### Analysis

Johnson's sole point claims plea counsel was ineffective for failing to advise him "concerning the full impact" of his persistent offender plea. This vague assertion alleges neither what Johnson did not know, nor why that may have changed his plea decision. The plea court imposed no extended prison term, despite Johnson's persistent offender status.

The plea transcript shows that Johnson was accurately advised of the punishment range on each charge. *See Rice v. State,* 585 S.W.2d 488, 493 (Mo. banc 1979); Rule 24.02(b)(1). The persistent offender enhancement in the drug case was clearly explained. *See Wilson v. State,* 26 S.W.3d 191, 195 (Mo.App.2000). The record confirms that Johnson was pleading to the drug charge as a persistent offender and that he so understood. Johnson does not claim otherwise.

Johnson argues that persistent offender consequences also encompass "parole factors, as well as the possibility of being granted probation by the sentencing court." Yet he concedes that failing to advise a defendant on such matters cannot give rise to an ineffective assistance claim, citing *Moore v. State,* 207 S.W.3d 725, 730 (Mo.App.2006). He quotes the different rule when counsel affirmatively *"misinforms* a client regarding *a particular consequence* and the client *relies on* that misrepresentation." *Id.* (emphasis ours). But his appeal point makes no such claim, only that plea counsel "failed to advise Mr. Johnson concerning the full impact" of pleading as a persistent offender. Issues not encompassed by the point relied on, although argued later in the brief, are waived. *Cordes v. Williams,* 201 S.W.3d 122, 131 (Mo.App.2006).[3]

### Conclusion

As a persistent offender, Johnson faced enhanced punishment up to 15 years in the drug case. The State sought only seven years, and the court sentenced him to just five years concurrent with his assault sentence—both of which fell within the standard class C felony punishment range without enhancement. Johnson's appeal point does not allege that plea counsel positively misadvised him, or specify any failure to advise constituting ineffective assistance. We cannot find the motion court's findings and conclusions clearly erroneous. Judgment affirmed. Rule 24.035(k).

PARRISH, P.J., and BATES, J., Concurs.

---

**3.** Johnson's *pro se* motion, in pertinent part, likewise claimed only that plea counsel "failed to educate and advise" him of the significance of persistent offender sentencing.

A Rule 24.035 motion must include all claims; those not raised therein are waived. *Edwards v. State,* 954 S.W.2d 403, 408 (Mo.App.1997).