

# Missouri Court of Appeals
## Southern District

### In Division

ISIS K. SCHAUER,                        )
                                        )
            Movant-Appellant,           )
                                        )
v.                                      )        No. SD37458
                                        )        Filed: May 31, 2023
STATE OF MISSOURI,                      )
                                        )
            Respondent-Respondent.      )

APPEAL FROM THE CIRCUIT COURT OF TEXAS COUNTY

Honorable John D. Beger, Circuit Judge

**<u>VACATED AND REMANDED</u>**

Isis Schauer (Schauer) appeals from an order denying her amended Rule 24.035 motion for post-conviction relief without an evidentiary hearing.[1]  Schauer raises five points on appeal.  She contends the motion court clearly erred by denying each of the five claims in Schauer's amended motion without conducting an evidentiary hearing.  After reviewing the record, we agree.  Therefore, we vacate the motion court's order and remand for an evidentiary hearing on all claims in the amended motion.

---

[1]  All rule references are to Missouri Court Rules (2018).  All statutory references are to RSMo (2016).  This Court has independently verified the timeliness of Schauer's original and amended post-conviction motions.  *See **Moore v. State***, 458 S.W.3d 822, 825-26 (Mo. banc 2015); ***Haffly v. State***, 651 S.W.3d 893, 894 n.2 (Mo. App. 2022).

## Background

Schauer was charged by indictment on September 25, 2017, with first-degree murder, armed criminal action, and abandonment of a corpse. *See* § 565.020; § 571.015; § 194.425. The next day, a special public defender (plea counsel) was assigned to represent Schauer. On November 20, 2017, plea counsel filed a motion requesting leave to withdraw. The motion alleged that plea counsel had been hired as the juvenile attorney for the 25th Judicial Circuit and would be closing his private practice on December 29, 2017. On December 15, 2017, the Missouri State Public Defender filed suggestions opposing plea counsel's motion.

On December 19, 2017, the State filed an amended information in lieu of indictment, which charged Schauer with second-degree murder and abandonment of a corpse. *See* § 565.021; § 194.425. That same day, Schauer signed a document entitled "Acknowledgement of Rights and Petition to Enter a Plea of Guilty." The document set forth the charges, the prosecutor's recommended sentences of 20 years on Count 1 and four years on Count 2, and the rights Schauer forfeited by pleading guilty.

Schauer pled guilty to the new charges. During the plea hearing, she testified that she understood the charges against her and the range of punishment they carried. Schauer responded in the negative when asked: "Has anyone threatened you or a loved one to get you to plead guilty?" Schauer also testified that she was satisfied with plea counsel's services and that there was not anything she wanted him to do that he failed to do, nor anything she did not want him to do that he did. The plea court found that Schauer's plea was knowing and voluntary and that it had a sufficient factual basis. It also found no probable cause to believe that Schauer had received ineffective assistance of counsel. The court sentenced Schauer to a term of 20 years' imprisonment on Count 1 and four years' imprisonment on Count 2, with the sentences to run concurrently.

2

Schauer timely filed an original motion for post-conviction relief on June 6, 2018. Post-conviction counsel entered his appearance and timely filed an amended Rule 24.035 motion on November 5, 2018. Schauer's amended motion raised five claims of ineffective assistance of counsel:

1. Plea counsel failed to adequately investigate the case by interviewing all witnesses who were present at the scene.

2. Plea [c]ounsel failed to provide discovery to [Schauer] or go over discovery during the representation. Plea [c]ounsel did not confer adequately with [Schauer].

3. Plea [c]ounsel was told that [Schauer] was not involved in the murder and was told it didn't matter since she was receiving a smaller sentence. [Schauer] felt coerced to enter the plea as she felt [p]lea counsel was not going to adequately represent her in the pending matter. [Schauer] was told if she didn't plead guilty, she would get the death penalty.

4. Plea counsel told [Schauer] she had to answer all the plea questions or she could get life in prison or the death penalty.

5. Plea counsel allowed [Schauer] to plead without an adequate factual basis to show that [Schauer] was involved in the planning or commission of murder in the 2nd degree.

The amended motion also alleged that Schauer was prejudiced by plea counsel's errors. The motion also acknowledged that, to satisfy the test for prejudice, Schauer would have to prove there is a reasonable probability that, but for plea counsel's errors, she would have not pled guilty and would have insisted on going to trial.

On January 11, 2022, over three years after Schauer filed her amended motion, the motion court entered an order dismissing Schauer's motion without any findings of fact or conclusions of law. Schauer filed a motion requesting the court to issue findings and conclusions, as required by Rule 24.035(j). Thereafter, the motion court entered findings and conclusions, denying both Schauer's amended motion and her request for an evidentiary hearing. The court concluded that Schauer failed to allege any grounds upon which relief

3

could be granted pursuant to Rule 24.035. Despite having denied Schauer's request for an evidentiary hearing, the court reasoned that: (1) allegations contained in a motion for post-conviction relief are not self-proving; (2) Schauer failed to prove her claims; and (3) her allegations were not credible. The motion court also concluded that Schauer was not entitled to an evidentiary hearing because "the record clearly refutes any grounds for possible relief[.]" This appeal followed.

## Standard of Review

Our review of a denial of a post-conviction motion pursuant to Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression that a mistake has been made." *Cooper v. State*, 356 S.W.3d 148, 152 (Mo. banc 2011).

A post-conviction movant is entitled to an evidentiary hearing if: "(1) the movant pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant." *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). If a movant requests an evidentiary hearing on a claim of ineffective assistance of counsel, "the movant must allege facts, unrefuted by the record, that (1) trial counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and (2) [she] was thereby prejudiced." *Id*. A motion court may not deny an evidentiary hearing unless the record is "specific enough to refute conclusively the movant's allegations." *State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995). When a movant challenges her guilty plea in a Rule 24.035 motion, the "prejudice" prong requires the movant to "allege facts showing that there is a reasonable

4

probability that, but for counsel's errors, [she] would not have pleaded guilty and would have insisted on going to trial." *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997) (internal quotation marks and citation omitted); *Webb*, 334 S.W.3d at 128.

### Discussion and Decision

Schauer raises five points on appeal, each relating to one of the five claims of ineffective assistance of counsel raised in her amended motion. She asserts that the motion court clearly erred by denying each claim without an evidentiary hearing. We agree.[2]

First, we address the motion court's findings that: (1) allegations contained in a motion for post-conviction relief are not self-proving; (2) Schauer failed to prove her claims; and (3) her allegations were not credible. With respect to the first finding, the motion court was correct. The allegations in a post-conviction motion are not self-proving. *Stevens v. State*, 353 S.W.3d 425, 431 (Mo. App. 2011). The motion court's second and third findings are *non sequiturs*, and clearly erroneous, because: (1) Schauer was denied an evidentiary hearing at which she could have adduced evidence in support of her claims; and (2) the motion court could not make credibility determinations without hearing any evidence. *See Masden v. State*, 62 S.W.3d 661, 668 (Mo. App. 2001). As the *Masden* court noted, "[w]ithout having heard the testimony and observed the witnesses, the trial court cannot possibly accurately assess the credibility of the witness or the weight of their testimony." *Id*.; *see State v. Ivy*, 869 S.W.2d 297, 301 (Mo. App. 1994).

---

[2] The issue presented by Schauer's appeal is whether the motion court erred in refusing to grant her an evidentiary hearing on the above-described claims, not whether she is actually entitled to relief. *See Bryan v. State*, 134 S.W.3d 795, 798 (Mo. App. 2004).

The motion court also concluded that Schauer was not entitled to an evidentiary hearing because "the record clearly refutes any grounds for possible relief" pursuant to Rule 24.035. After examining the whole record, we are firmly convinced that a mistake has been made and that the motion court's ruling was clearly erroneous. *See* ***Johnson v. State***, 237 S.W.3d 631, 633 (Mo. App. 2007). During the plea hearing, Schauer answered three questions that relate to her post-conviction claims:

> Q. Has anybody threatened you or a loved one to get you to plead guilty?
>
> A. No, sir.
> ….
>
> Q. Are you satisfied with [plea counsel's] services?
>
> A. Yes, sir.
>
> Q. Is there anything you wanted [plea counsel] to do that he failed to do or anything you didn't want him to do that he did do?
>
> A. No.

These three answers do not conclusively refute the claims of coercion raised in Schauer's amended motion. "A negative response to a routine inquiry whether any promise other than stated on the record had been made is too general to encompass all possible statements by counsel to his client." ***Shackleford v. State***, 51 S.W.3d 125, 128 (Mo. App. 2001); ***Webb***, 334 S.W.3d at 129. Therefore, Schauer's response to the plea court's inquiry as to whether anyone had "threatened" her to induce her to plead guilty does not necessarily refute any claim she raised regarding plea counsel's statements. Schauer's response did not encompass her claim that she felt "coerced" by counsel because coercion does not require that a threat be made. Moreover, the nature of Schauer's post-conviction claims, if found credible, would undermine the reliability of the statements she made during the plea hearing. In her amended motion, she alleged that:

6

1. Plea counsel told her he was withdrawing from her representation shortly after the plea hearing, which led her to fear that she would not be adequately represented in subsequent proceedings if she did not plead guilty.

2. Schauer felt "coerced to enter the plea," and that plea counsel told her that she would receive the death penalty if she did not plead guilty.

3. Schauer informed plea counsel of an alibi defense and was always "adamant" that she was not guilty of the murder charge, yet she still felt that she had to plead guilty.

4. Plea counsel told Schauer that she had to answer all the plea questions a certain way to avoid getting get life in prison or the death penalty.

5. Schauer alleged that she was "afraid to answer differently than what appears in the transcript[.]"

If Schauer gave testimony to this effect at an evidentiary hearing and it was found credible, evidence of this nature would cast serious doubt as to whether the answers Schauer gave during the plea hearing were voluntary and truthful.

The State cites several cases where courts found that a movant's Rule 24.035 claims were refuted when the movant indicated that he or she was satisfied with counsel's representation and "had ample opportunity to complain about [his or her] counsel" to the court. *Morrison v. State*, 65 S.W.3d 561, 564 (Mo. App. 2002); *see also Jaegers v. State*, 310 S.W.3d 313, 315 (Mo. App. 2010); *Bogard v. State*, 356 S.W.3d 850, 854-55 (Mo. App. 2012). The present case is factually distinguishable because, if Schauer was afraid to answer the court's questions honestly as she alleged, she did not have a genuine opportunity to complain about plea counsel's performance. Without an evidentiary hearing, the motion court could not properly determine the credibility of Schauer's claim that her plea hearing answers were coerced.

The State also argues that Schauer failed to allege that she was prejudiced by plea counsel's actions. That argument is meritless. Schauer's amended motion: (1) alleged

7

certain errors by plea counsel; (2) alleged that Schauer was thereby prejudiced; and (3) acknowledged that, to establish prejudice, she would have to prove there is a reasonable probability that, but for plea counsel's errors, she would have not pled guilty and would have insisted on going to trial. The foregoing allegations were sufficient for that purpose, and the motion court clearly erred by not giving Schauer a chance to prove those allegations at an evidentiary hearing.

In conclusion, the allegations made by Schauer in her amended Rule 24.035 motion were not conclusively refuted by the record, and the motion court clearly erred by not conducting an evidentiary hearing on those claims. *See* Rule 24.035(k); ***Cooper***, 356 S.W.3d at 152. We vacate the motion court's order denying relief and remand for an evidentiary hearing on all claims in the amended motion.


JEFFREY W. BATES, J. – OPINION AUTHOR

JACK A. L. GOODMAN, C.J. – CONCUR

BECKY J.W. BORTHWICK, J. – CONCUR